CARL A. BERG *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

MARCH 25, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a petition for a writ of *certiorari*, brought under the provisions of general laws of 1938, chapter 342, § 8, to review the decision of the respondent board denying a petition for an exception under the zoning ordinance of the city of Warwick. The writ was issued, and, in accordance with its mandate, the record of the board relating to the matter in issue was duly certified to this court. The record includes a stenographic report of the proceedings before the board.

The petitioner owns certain land on "Little Pond" in the city of Warwick, now zoned in a residential district. The object of his application for an exception under the zoning ordinance is to conduct a public bathing beach on that land. Notice of a public hearing on the application was duly given and such a hearing was held in two sittings of the board. According to the record, the city solicitor did not participate in these proceedings. Certain remonstrants appeared and opposed the petition.

The petitioner's main contentions before us are: (1) That he did not receive a fair hearing from the board; (2) that a member of the board, who was not present when the remonstrants registered their objections at the second sitting of the board, joined his associates when that sitting was concluded and participated in the decision of the board; and (3) that the board, although expressly requested by counsel for the petitioner to set forth the grounds for its decision in accordance with the opinion of this court in *Robinson* v. *Town Council of Narragansett*, 60 R. I. 422, which was specifically called to its attention, failed to state the grounds upon which it based its decision denying the petition.

An examination of the record shows that, towards the end of the first sitting of the board, the hearing began to assume the characteristics of a contest between the petitioner and the board. This atmosphere was continued and intensified at the second sitting of the board, when the remonstrants presented their case. Such an atmosphere does not inspire confidence. Even though considerable latitude in matters of procedure is ordinarily countenanced in a public hearing by a zoning board of review, the hearing in this case lost much of the reserve that is to be maintained in a quasi-judicial proceeding. It is not necessary for our purposes to refer in detail to specific occurrences.

The record further shows that one member of the board was not present at its second sitting. However, at the conclusion of this sitting, that member joined the board in executive session and participated in its unanimous decision.

The decisive point in this case is that, notwithstanding the background just sketchily outlined, the board saw fit not to set forth the ground or grounds for its decision in accordance with the opinion in *Robinson* v. *Town Council*

*of Narragansett, supra,* to which its attention was specifically directed by counsel for the petitioner. The decision, as announced by the chairman of the board, is as follows. "We have voted unanimously not to grant this petition. Please note that the Board has unanimously agreed to reject this petition."

While this court will not ordinarily interfere with the decision of a zoning board of review unless such board has clearly abused its discretion, yet, even though there be a stenographic or otherwise substantial report of the testimony, we do not intend to speculate as to the grounds on which such a board bases its decision. This applies with even greater force when, as appears in the record before us, the board took into consideration information which allegedly was within its own knowledge or secured from outside sources, but of which not even the substance is disclosed anywhere in the record brought up for review. It is unnecessary for us to repeat here what we said in the *Robinson* case, and confirmed in the very recent case of *Jacques* v. *Zoning Board of Review of Pawtucket,* 64 R. I. 284.

For the reasons stated, we are of the opinion that, in the circumstances disclosed by the record, the petitioner is entitled to a complete rehearing, by the respondent board, of his application for an exception under the zoning ordinance of the city of Warwick. Whether any part of the stenographic report of the testimony in this case shall be used in future proceedings rests in the agreement of the parties.

The decision of the respondent board is reversed, and it is ordered that such board give the petitioner a hearing *de novo* in accordance with this opinion. The papers and record of the case are ordered sent back to the respondent board.

294

*Hinckley, Allen, Tillinghast and Wheeler, Harold A. Andrews,* for petitioner.

*Edward L. Godfrey,* City Solicitor of City of Warwick, for respondents.