ERVIN M. JACQUES *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

MARCH 25, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Capotosto, J. This is a petition for a writ of *certiorari* directed to the zoning board of review of the city of Pawtucket. The petitioners pray that this court reverse the decision of said board granting Jacob Stadnik permission to erect an addition, for use as a store, to his dwelling on lot 555, assessors' plat numbered 27, at the corner of Enfield and Evergreen streets in said city.

General laws 1938, chapter 342, grants to cities and towns power to pass zoning ordinances in accordance with the provisions of that chapter. Section 8, after making provision for the establishment of a board of review in the manner specified, provides "that said board of review may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent." Among other provisions not material in this case, it provides: "The board of review shall have the following powers: b. To hear and decide special exceptions to the terms of the ordinance, upon which such board is authorized to pass under such ordinances."

Acting under the authority of this statute, the city of Pawtucket adopted a zoning ordinance, dividing the city into residence, business and industrial districts. The petitioner's dwelling is in "Residence B. District", within which, under sec. 4 of the ordinance, "no building or structure shall be altered or erected which is intended or designed to be used in whole or in part for other than one or more of the following specified uses", namely, one

or two family house, apartment house, boarding house, or hotel, and "(4) A gasoline filling station or a stable, if approved by the Board of Review."

Section 16 of the ordinance sets up a board of review as required by G. L. 1938, chap. 342, and then, in so far as pertinent, provides that: "Such Board of Review, after notice and hearing, may in a specific case and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purposes and intent as follows: . . . (8) Approve in any district an application for any use or building deemed by the said Board to be in harmony with the character of the neighborhood and appropriate to the uses or buildings permitted in such district."

The record before us shows that on October 9, 1936, Jacob Stadnik, as owner of a one-family house on the land above described, applied to the zoning board of review for an exception to the zoning regulations affecting his property, praying that he be allowed to build an addition, twenty feet by sixteen feet, to his dwelling for use as a store or market. This application was duly advertised and a hearing had thereon by the board on October 14, 1936.

At this hearing, five persons appeared as objectors to the granting of the application. The grounds for their objections are stated substantially as follows in the written decision of the board. One woman, whose house adjoins that of Stadnik, objected because the district was "a residential section." Another woman, living across the street from the applicant, stated that "there are two stores in the neighborhood now", and that if the application of Stadnik were granted "There will be a great deal of noise; children will hang out in front." A third woman, who also lived across the street from Stadnik, stated that she opposed

granting the application because "There is a store right in back and another down the road. The children now cannot be kept in their own yards, and there will be trucks coming through the street." A fourth woman, who had "a little store down below" from the applicant's property, said that she did not "make enough money now . . . so I do not want another store in the neighborhood."

The fifth objector was Andrew Stadnik, a brother of the applicant. He stated that he ran a store one block from his brother's residence, and that: "There is not enough population for another store. I feel it will do harm to my store."

The record before us contains two petitions in support of Stadnik's application, and a map of the neighborhood in question, showing the character of some buildings on certain lots in that section. One petition is from the Polish-American Citizens Club; the other petition is signed by thirty-three residents of the locality, twenty-seven of whom, judging from the names, are apparently of Polish extraction. The map shows a chemical manufacturing plant and a "battery shop" within a short distance of the applicant's property. On May 3, 1937, the board granted the application with the condition that "no part of the addition shall be nearer the street line than the existing building.".

In its decision the board states that it viewed the premises and the neighborhood in question. It further sets forth that the proposed store, intended for the sale of "foods used particularly by people of Polish origin", would face the dead end of Burgess avenue at Evergreen street; that the objections to the application were mainly personal in character; that the granting of the application would not "be detrimental" to the public interests; and that to deny the application would be an arbitrary exercise of power

having no substantial relation to the public health, morals, safety or welfare in its proper sense.

The petitioners in effect complain that the board failed to keep a stenographic record of the proceedings on Stadnik's application. The zoning statute and ordinance here involved do not require a board of review to keep such a record. However, in the case of *Robinson* v. *Town Council of Narragansett,* 60 R. I. 422, at page 437, this court had occasion to say that, in the interests of justice, zoning boards of review should at least keep "a fair report or reasonably accurate summary of the oral testimony or facts brought before them or otherwise known to them, upon which they are to base their decision. . . . Such boards should also set forth the ground or grounds for their decision, as this court is entitled to know the basis for their action, so that it may determine whether their decision on the facts in evidence bears a substantial relation to the protection of the public interests." In the instant case the record contains a summary of the testimony at the hearing before the board which, though criticized by the petitioners for its brevity, remains unchallenged by them in its accuracy. The record also shows that the board set forth the grounds for its decision in language which, though somewhat general, is reasonably clear when the decision is read as a whole.

The petitioners also argue that the board should have denied Stadnik's application as no one supported it at the hearing. This argument is clearly without merit. The primary purpose of a hearing on an application for an exception to a zoning regulation is to assist the board in discharging its duty of determining whether the granting of the exception is consistent with the preservation of the common interests and general welfare as contemplated by the ordinance. It is not the purpose of such a hearing to test the strength of conflicting personal desires and

interests, or to poll the neighborhood on the question involved.

The petitioners next question the constitutionality of the enabling act and of the zoning ordinance thereunder. We find nothing in the record before us that warrants the consideration of any such question. Our examination of the record clearly shows that this issue was injected into the case for the first time in the petitioners' brief and argument to us.

The petitioners make no mention of any constitutional question in their petition for the writ of *certiorari* which brought up the record now before us. That petition is based squarely on two grounds: first, that the board acted without legal evidence; and second, that, if there was such evidence, the board abused its discretion in that it "arbitrarily, capriciously, inequitably, illegally and unjustly exercised *its powers* in granting the exception or variance applied for by the said Jacob Stadnik". (italics ours) Since no constitutional question is properly raised in the petition under consideration, we need not consider the petitioners' contentions in this respect as advanced by them in their brief and argument.

The petitioners finally contend that the decision of the board granting Stadnik's application was an arbitrary and unreasonable exercise of its discretion in the circumstances of this case. The decision of a zoning board of review will not be set aside by this court unless it is so arbitrary and unreasonable as to show a clear abuse of discretion by the board. *Sundlun* v. *Zoning Board of Review*, 50 R. I. 108; *Drabble* v. *Zoning Board of Review*, 52 R. I. 228; *Robinson* v. *Town Council of Narragansett, supra.*

Stadnik seeks an exception under the zoning ordinance to build a small addition to his house for use as a store. The residential district in which the house is located already has some stores and industrial establishments.

Furthermore, the ordinance permits "A gasoline filling station or a stable, if approved by the Board of Review" in this district. In the circumstances it is idle to speak of a store of the size that Stadnik proposes to operate as being injurious to the public welfare, or as not being "in harmony" with the general purpose and intent of the ordinance.

The reasons given by the board for its decision, when read as a whole and in connection with the evidence and with particular reference to its finding that to allow the exception would not "be detrimental" to the public interests, show that, in its opinion, the granting of the exception was in harmony with the general purpose and intent of the zoning ordinance, as required by the enabling act, and show also the requested use was in harmony with the character of the neighborhood and appropriate to the uses or buildings permitted in such district. In so deciding, on competent evidence, the board did not abuse its discretion.

For the reasons above stated, we find no error in the record before us. The decision of the respondent board is affirmed.

*Charles F. Risk,* for petitioners.

*McCarthy and Flynn, Lawrence A. McCarthy,* for respondents.