ROLLIN BUCKMINSTER *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

ELIZABETH L. CUSHMAN *et al, vs.* SAME.

JANUARY 28, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. These are two petitions for writs of *certiorari*, brought under the provisions of general laws 1938, chapter 342, § 8, to review the decision of the respondent board granting the application of Charles B. Lennon to use his residence, at the southwest corner of Central avenue and Orchard street, in the city of Pawtucket, as a funeral home in a district zoned as a Residence B district. The writs were issued, and, in accordance with their mandate, the papers of the board in the matter were duly certified to this court.

The petitioners, who strongly insist that the action of the board in these cases is an arbitrary exercise of its power, contend, among other things, that since the board has failed to state the ground or grounds for its decision "it is impossible to know the basis for said Zoning Board of Review's action and to determine whether said decision on the facts in evidence bears a substantial relation to the protection of the public interests." The answer of the respondent to this contention is that the decision shows, by construction if not in express terms, that the board based its action on a consideration of the public interests.

There is merit to the petitioners' contention. After referring to the fact that a public hearing was held on the matter and that the board viewed the property and neighborhood, the decision quotes sec. 16, subsection (8) of the zoning ordinance of the city of Pawtucket, and then concludes as follows: "It was held by the Board that this section clearly gave it the right to act upon the application. The Board voted unanimously to grant the application", with certain minor restrictions not necessary to mention here.

A party who claims to be aggrieved by the decision of a zoning board is entitled as of right to a review by this court

on *certiorari*. G. L. 1938, chap. 342, § 8. For the court properly to perform its duty in the protection of the right secured by this statute to an aggrieved party, the court is entitled to know from the board itself the grounds for its decision. Unless the reasons for the board's action are set forth in its decision, even though they be but briefly stated, this court cannot fairly decide whether the decision under review is consistent with the exercise of reasonable discretion by the board, or whether such decision is an arbitrary and unreasonable exercise of the board's power. In *Berg* v. *City of Warwick*, 64 R. I. 290, at page 293, this court, speaking of the decision of a zoning board said, "we do not intend to speculate as to the grounds on which such a board bases its decision." On this point it is unnecessary for us to repeat here what we also said in *Robinson* v. *Town Council of Narragansett*, 60 R. I. 422 and *Jacques* v. *City of Pawtucket*, 64 R. I. 284.

All that the board's decision shows is that it had jurisdiction to entertain Lennon's application. The bare statement that the board "voted unanimously to grant the application" amounts to no more than the unsupported statement of a mere conclusion. Furthermore, while the decision states that the board "viewed the property and neighborhood", it is silent as to what the board saw or what impressions it received on that view. If a zoning board bases its determination upon facts known only to itself and hence not brought upon the record, it will be impossible for this court to review intelligently its decision.

It is not the province of this court, in a case of this kind, to weigh the evidence. In *Potter* v. *Zoning Board of Cranston*, 65 R. I. 286, at page 292, the court says that it is the well-settled law of this state that the decision of a zoning board of review on an application for an exception or variance from a zoning ordinance, which is addressed to the board's discretion, will not be set aside unless it clearly appears that the board acted arbitrarily and abused its discretion. In the interests of justice, the decision of a zoning

board should substantially meet the requirements that are mentioned in the zoning cases hereinbefore cited.

The papers of the respondent board now before us are remanded to said board for the purpose of clarifying and completing its decision, in accordance with this opinion.

*Hurley, Moriarty & Connly, John W. Moakler, Jr.,* for petitioners.

*Walter J. Hennessey,* for respondent.