NICOLA CALDARONE *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JUNE 18, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition under general laws 1938, chapter 342, §8, for a writ of certiorari to review the action of the zoning board of review of the city of Warwick, hereinafter called the board, in denying petitioner's application for a variation or exception under the zoning ordinance of that city. The members of the board in response to a citation waived the actual issuance of the writ and made a return of a certified copy of their records pertaining to the hearing of petitioner's application and their decision thereon.

The return shows that petitioner applied for a variation or exception from the requirements of the zoning ordinance so that he might use his premises situated at 465 Palmer avenue, near Rocky Point amusement park, in a residence B district, for a restaurant and cafe business. The application alleges that the premises were vacant at the time it was filed and had been for the past seven years, but prior thereto a restaurant and cafe had been conducted there as long as Rocky Point had been in existence.

The zoning ordinance which included such premises within a residence B district became effective on June 21, 1945. It does not appear that petitioner made any contention before the board that he was entitled as of right, in the circumstances, to continue such use notwithstanding the ordinance. On the contrary by applying to the board for

an exception or a variance he was seeking to show that they should exercise their discretion under the ordinance and grant him relief from its requirements.

At the hearing before the board on January 14, 1948 no objectors to the granting of the application appeared and the petitioner presented no evidence in support of it except his own brief statement of what he had already alleged in his application, namely, that the premises had been used for a restaurant and cafe as long as Rocky Point had been in existence and that for the past seven years they had been vacant. On that showing the board reserved decision on the application for one month. Later, on February 25, 1948, they unanimously decided to deny it for the following reasons: "1. Due to the fact that the area seems to be adequately serviced with the present facilities. 2. Due to the present development of Rocky Point Park it would seem unadvisable to grant business establishments in that particular area; thus increasing the traffic hazards. 3. Due to the previously made request of the police department, that no further business establishments be granted permission to operate within a 1000 feet of the entrance to Rocky Point."

Petitioner contended before us that such decision was erroneous on two grounds: first, because the board had no discretion to deny the application; and, second, because if it had such discretion their action was arbitrary and unreasonable and therefore an abuse of such discretion. The first point cannot properly be raised in these proceedings. Petitioner made no claim of right before the board to use his premises for the conduct of a restaurant and cafe business notwithstanding the requirements of the ordinance. As stated above, his application invoked only the exercise of the board's discretion to grant him relief from those requirements. In such circumstances his petition for certiorari in this court raises only the narrow question whether the board abused their discretion in denying the application on the evidence before them. *Heffernan* v. *Zoning Board of Review*, 49 R. I. 283.

On the record before us we are of the opinion that petitioner's second point is clearly lacking in merit, not because of the soundness of the reasons upon which the board relied to support their decision, but because of petitioner's failure to present any evidence which could furnish a reasonable basis for granting him either an exception under the ordinance or a variance therefrom. In the first place he has failed to allege in his application under what provision of the ordinance, if any, he should be granted an exception. His application, therefore, can be treated as one for a variance only.

Under the statute a variance may be granted by the board if it is not contrary to the public interest "where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." G. L. 1938, chap. 342, §8 c. That provision has been incorporated into the zoning ordinance of Warwick as one of a number of special exceptions thereunder. Section XV (A) 4. e. Under either provision the burden is on the applicant for a variance to satisfy the board that to grant it would not conflict unduly with the public interest and to deny it would result in unnecessary hardship to him. *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26. For all that appears from the record before us, the petitioner here has not even attempted to discharge such burden by presenting evidence upon which a decision in his favor could be based. Hence the decision of the board denying the application is correct and cannot be disturbed irrespective of the reasons upon which they based such denial.

The petition is denied and dismissed, the decision of the board is affirmed, and the records heretofore certified to this court are ordered to be returned to the respondent board with our decision endorsed thereon.

*Angelo A. Caldarone, Aram A. Arabian,* for petitioner.
*Edward L. Godfrey,* City Solicitor, for respondent.