FAUST PETRARCA *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

APRIL 6, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a petition for a writ of certiorari, brought under general laws 1938, chapter 342, §8, to review the decision of the respondent board granting the application of Joseph Mansour for a variation from the terms of the zoning ordinance of the city of Warwick. Pursuant to the writ the record in question has been certified.

The allegations of the petition and the location plan attached thereto show that Mansour was the owner of a deep rectangular parcel of land, 27,000 square feet in area, with a frontage of 132.8 feet on Providence street in said city. The property was also identified as lot No. 15 on assessor's plat 262. Four buildings, that is, three dwellings and a garage, are respectively located in each of the extreme four corners of the lot. In other words, a dwelling and the garage are to the rear of the buildings on Providence street thus leaving a large central area, free of structures, from which a cement driveway running between the two front dwellings leads to that highway. Before the enactment of the zoning ordinance this section of Warwick was developed in a haphazard manner and without regard to whether or not houses fronted on Providence street. Such development was attributed to the general contour of the land and the proximity of the division line between the city of Warwick and the town of West Warwick.

Mansour's application asks for permission to erect a single family dwelling, 26 by 40 feet, between the front and rear buildings on one side of his land. The only conflict with the zoning ordinance appearing of record is that the proposed building would not front on any street and that the area allocable to it out of the entire lot was 1000 feet less than the 7000 feet required by the ordinance in a residential B district, in which Mansour's land was located. The petitioners here are adjoining landowners who urge as their main contention that the applicant has failed to show affirmatively that to grant a variation in the circumstances would not conflict unduly with the public interests and to deny it would result in unnecessary hardship.

Petitioners' contention is ultimately based upon the fact that Mansour was the only person who appeared at the hearing before the board, at which time he merely stated that he intended to erect the dwelling for his son, and on the further fact that the board did not give any reasons for its decision. It is immaterial that no persons

other than the applicant appeared at that hearing, if there was otherwise sufficient information before the board to warrant the exercise of its discretion in the matter. The notice of a hearing on an application for an exception or variation required by the enabling act, G. L. 1938, chap. 342, §8, is not given for the purpose of polling the neighborhood on the question involved. The object of such notice is to give interested parties an opportunity to present facts which would assist the board in determining whether to grant or deny the application. *Sundlun* v. *Zoning Board of Review*, 50 R. I. 108, 117.

Petitioner's complaint that the board failed to give any reason for its decision is justified. Here, as in other instances that have come to our attention, the board did not perform its duty in accordance with our repeated direction to the effect that a zoning board should set forth, even though it be in a summary manner, the ground or grounds for its action. The parties and this court are entitled to know the reasons for the board's decision in order to avoid speculation, doubt and unnecessary delay. *Robinson* v. *Town Council of Narragansett*, 60 R. I. 422; *Jacques* v. *Zoning Board of Review*, 64 R. I. 284, 288; *Berg* v. *Zoning Board of Review*, 64 R. I. 290; *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515, 517. Unless a zoning board complies with the above-mentioned direction it runs the risk of reversal, if this court is unable to find from the record that there were good and sufficient grounds for the decision in question.

However, in the instant case the undisputed facts of record hereinbefore summarized differentiate it from those cases where the facts are controverted or a change of use is involved, and are sufficient to justify us in overlooking the infirmity in the board's decision. It is well settled that this court will not set aside a decision of a zoning board unless it is so arbitrary and unreasonable as to show a clear abuse of discretion by the board. *Jacques* v. *Zoning Board of Review, supra.* We can readily see that in the

peculiar and undisputed circumstances appearing in the present record the board could reasonably find, as it apparently did, that to deny Mansour's application would result in unnecessary hardship by depriving him of all beneficial use of a considerable area of land without advantage to the public interests. In such a situation it is our judgment that the board acted fairly and not arbitrarily.

Petitioners further contend that because notice of the hearing before the board was sent to only one of three joint tenants of land adjoining Mansour's premises such hearing was invalid. The question thus raised is clearly academic in the circumstances of this case. The present petition contains no allegation that the alleged defect, if any, resulted in any prejudice to such landowners and no argument to that effect was made at the hearing before us. The contention is therefore without merit on the record in this case.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the papers in the case are ordered sent back to the respondent board.

*John S. Brunero,* for petitioners.

*Hailes L. Palmer,* City Solicitor, for respondent.

*George Roche, Eugene J. Laferriere,* for applicant.