Alfred Cardin *et al. vs.* Zoning Board of Review of the Town of North Providence.

DECEMBER 29, 1952.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Flynn, C. J. This petition for certiorari was brought by certain remonstrants to have this court review a decision of the zoning board of review of the town of North Providence granting an application for an exception or a variation in the application of the provisions of the zoning ordinance of that town to permit the use of land located in a residential district for the purpose of storing lumber. Pursuant to the writ the pertinent records have been returned by the respondents, hereinafter called the board.

It appears therefrom that Anthony Palmisciano, referred to as the applicant, is the owner of five unimproved lots of land numbered 1009, 1010, 1012, 1013, and 1014 on Twin City Park plat which is recorded on plat card No. 107 in

the office of the clerk of the town of North Providence; that these lots are located on Bassett and Remington streets in a residential district under the zoning ordinance of that town; and that he filed with the board an application for an exception to or variance from the provisions of the zoning ordinance to permit the use of these five lots for "storing lumber."

According to applicant's testimony at a hearing before the board, these lots were formerly used as a dump and a part thereof still would require filling in and leveling, which he offered to do. It also appeared that he desired to use the lots for truck movements and the storage of more lumber in connection with his lumber business which was conducted by him on nearby lots, apparently as a result of special permission previously granted by the board.

The remonstrants, who are the owners of land actually abutting, or within 100 feet of, some or all of these lots, appeared before the board and objected to the granting of the application. They testified in substance that their homes had been built or bought for residential purposes in reliance upon their locations being within a residential district under the zoning ordinance; that the use of these lots by trucks and for storage of lumber in connection with the applicant's business would increase the fire hazard and the insurance rates; that such use would also affect the values of their properties for desirable residential purposes; and that it would in effect convert the neighborhood from its present built-up residential character into a business zone. According to them the remaining low areas on part of applicant's lots, though formerly used as a dump, had been filled in and dumping there is now prohibited.

The board, after making certain observations and findings in general terms, voted to "make a variation of the use district regulations of the zoning ordinance" and granted the applicant "permission to use lots 1010 and 1012 on plat on file with the Zoning Board of Review for the storage of

lumber only, for a period of two years. This permit to expire two years from the date of the passage of this resolution." Accordingly the applicant was so notified by letter.

The remonstrants interpret the board's letter to the applicant as a decision granting either a variance or a temporary permit under the zoning ordinance. They argue that there is no evidence that a literal enforcement of the ordinance would result in unnecessary hardship to the applicant, and that evidence of such hardship would be necessary to support a decision on the ground of a variance. They also contend that there is no authority in the board under sec. 23 (b) 5 of the ordinance to support the granting of a *temporary* permit in this area, because the provisions thereof expressly authorize the granting of a temporary permit only in *undeveloped* sections. On the other hand the board's counsel, ignoring these contentions, argues that the application was granted under the provisions of the ordinance solely as an exception thereto.

In the circumstances the decision obviously is open to various interpretations. It is not precisely a case where the application for an exception or variance was granted or denied without any reasons therefor appearing in the decision. Such cases have been returned for clarification or rehearing depending on the special circumstances. *Buckminster* v. *Zoning Board of Review,* 68 R. I. 515; *Berg* v. *Zoning Board of Review,* 64 R. I. 290. Here the decision contains some reasons, although in general language or findings, but we cannot know with reasonable certainty whether the board was exercising its authority under the ordinance to grant an exception, or a variance, or a temporary permit. There are statements and findings in the record and decision which tend to support the remonstrants' interpretation of the decision as granting a variance or temporary permit. However, if the board granted an exception instead of a variance or temporary permit we find no

specification in the application, decision, or record as to the particular provision or provisions in the ordinance under which the board purported to grant such exception.

We have pointed out that this court will not speculate on the reasons for a decision if they do not appear in the record. *Buckminster* v. *Zoning Board of Review* and *Berg* v. *Zoning Board of Review, supra; Robinson* v. *Town Council of Narragansett,* 60 R. I. 422; *Jacques* v. *Zoning Board of Review,* 64 R. I. 284. We have also held that where the applicant fails to allege the provision of the ordinance under which he is applying for an *exception,* his application can be treated as one for a variance only. *Caldarone* v. *Zoning Board of Review,* 74 R. I. 196, 199. In the instant case we are unable to tell without speculation whether the board acted upon the application as one for a variance or as one for an exception; and further, if the board treated it as requesting an exception, we are not informed by the record under what provision of the ordinance it was granted. We therefore are justified in treating the instant application as one solely for a variance.

To support the decision on that ground a finding that a literal enforcement would result in unnecessary hardship is required. See *Harrison* v. *Zoning Board of Review,* 74 R. I. 135, on the distinction between a variance and an exception and the proof required for each. There is no attempt to dispute the contentions of the remonstrants that the board made no finding that the applicant will suffer unnecessary hardship if the ordinance is enforced literally, and that if such a finding were made there is no evidence to support it. The only finding in this regard is to the effect that the proposed use if limited as to area would not prove injurious to neighboring property. That is not enough under the act and ordinance in the case of an application for a variance. In the circumstances, therefore, the prayer of the remonstrants' petition must be granted.

The petition for certiorari is granted, the decision of the

respondent board is reversed, and the records in the case which have been certified to this court are ordered sent back to the board.

*Corcoran, Foley & Flynn,* for petitioners.

*Edmund A. Baldi,* Town Solicitor, for respondent.