96 A.2d 337 (1953)
WINTERS
v.
ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.
M. P. No. 1014.
Supreme Court of Rhode Island.
April 20, 1953.
*338 William B. Sweeney and Charles H. Drummey, Providence, for petitioner.
Hailes L. Palmer, City Sol. of Warwick, for respondent
CONDON, Justice.
This is a petition for certiorari to review the decision of the zoning board of the city of Warwick denying petitioner's application for an exception or a variance. Pursuant to the writ the board returned to this court a certified copy of the record of the proceedings before them.
It appears therefrom that petitioner applied to the board for permission to rent boats and sell bait on his premises at 398 Lake Shore Drive on the shore of Warwick Pond in a residence B district. After a hearing before the board at which he introduced evidence in support of his application and several objectors presented evidence against it the board denied it in a very brief decision as follows: "At the end of the meeting the Board reviewed this petition and decided to deny it upon a three to two vote. Messers Earle and Muratore voted for the granting of this petition while Messers Patenaude, Fedeli, and Bursley voted against it." No grounds or reasons for the decision are given therein. The return, however, contains certain exhibits and a summary of the evidence upon which the board acted in making their decision.
Counsel for the board contends that from such record the reason for denying the application is readily discernible. The petitioner argues that since there were at least three and possibly four disputed issues before the board their decision fails to comply with the requisites which this court has repeatedly held are necessary to enable us intelligently to review it without speculation as to the reasons on which it is based. In support of this contention he cites Buckminster v. Zoning Board of Review, 68 R.I. 515, 30 A.2d 104, and Robinson v. Town Council of Narragansett, 60 R.I. 422, 199 A. 308.
*339 In each of those cases there was no way in which this court could be certain on what ground the board decided the controverted issues before them and hence we decided the case on the record before us and either reversed the board, as in the Robinson case, or remanded the case to them with direction to clarify their decision as in the Buckminster case. The important things to note in reading the opinions in those cases are not only the failure of the board to give the reasons for their decision but also the absence of anything in the record which would show the basis for such decision. We have been insistent that the zoning board should state the grounds of their action so that in the event of review in this court we would have no doubt as to the board's reasons for their decision. And we have pointed out that where this is not done great delay and inconvenience may result to all concerned if we find it necessary to remand the case to the board for further clarification.
However, we have not subjected the parties to such delay and inconvenience where we were able to satisfy ourselves from the record that the board's decision was either correct or erroneous regardless of their failure to give the reasons for their decision. In Robinson v. Town Council of Narragansett, supra, because a stenographic report of the evidence taken by the petitioners was made available to the council at their request and was returned with their records, we disregarded such defects in the decision denying the application, reversed the council, and directed them to grant the application subject to such conditions as were reasonably necessary to safeguard the public interest. In Buckminster v. Zoning Board of Review, supra, because the board stated in their decision that they had viewed the property and the neighborhood but had not described what they saw and the impressions they had received from such view we were unable to determine upon what facts they had based their decision and therefore we remanded the case for clarification in that respect.
Recently in Petrarca v. Zoning Board of Review, 78 R.I. 130, 133, 80 A.2d 156, 157, we again reiterated what we had held in the above-cited cases and stated: "Unless a zoning board complies with the above-mentioned direction it runs the risk of reversal if this court is unable to find from the record that there were good and sufficient grounds for the decision in question." (italics supplied) We then went on to review the board's decision saying: "However, in the instant case the undisputed facts of record hereinbefore summarized differentiate it from those cases where the facts are controverted or a change of use is involved, and are sufficient to justify us in overlooking the infirmity in the board's decision."
The record warrants a like attitude in the case at bar. It appears therefrom that the only question before the board under the application and the evidence was whether they should grant petitioner a variance. Whether or not he was entitled to an exception under the ordinance was not before them, because petitioner's application fails to specify any provision of the ordinance on which the board could properly grant an exception. Nor is there any evidence elsewhere in the record tending to show that a claim for a specific exception was being made. In such a case even though the application is stated to be for an exception or a variance it must be treated as one for a variance only. Caldarone v. Zoning Board of Review, 74 R.I. 196, 60 A.2d 158.
The petitioner, however, contended here that the application could also be considered as one to establish his right to a nonconforming use. There is no merit in that contention. The application does not refer to any claim of such a use. Moreover an application for an exception or a variance is addressed to the board's discretion and by its very nature precludes the assertion thereunder of any claim of right to a nonconforming use. Heffernan v. Zoning Board of Review, 49 R.I. 283, 142 A. 479. If petitioner relies on such a right nothing in the instant proceedings either here or before the board will foreclose him from asserting it in some other appropriate proceeding.
*340 On the question whether the board erred in not granting a variance, it is quite apparent from the record that there was no evidence on which they could reasonably base such relief. Under the provisions of general laws 1938, chapter 342, § 8 (c), the board may authorize "in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." The same provision has been expressly incorporated in the zoning ordinance of Warwick, section XV (A), par. 4e. But irrespective of that section the board is vested with such power by the enabling act above cited. It is settled by the decisions of this court that one seeking a variance has the burden of proving to the satisfaction of the board that such relief would not be contrary to the public interest and that a literal enforcement of the terms of the ordinance would result in unnecessary hardship.
The record here discloses no evidence of hardship. In proof of hardship petitioner relies solely upon his own testimony and the certificate of his physician that he is physically unable to work and that the renting of boats on his premises is the only way he can earn a livelihood. Such evidence has no probative force in proving the kind of hardship contemplated in the statute. The hardship therein referred to is one resulting from restricted use of petitioner's land by virtue of the terms of the ordinance, and not personal hardship growing out of petitioner's physical infirmities. As was said in Heffernan v. Zoning Board of Review, 50 R.I. 26, 30, 144 A. 674, 676: "We regard the term `hardship,' as used in the ordinance, to have some reference to the degree of the interference with ordinary legal property rights and to the loss or hardship which would arise therefrom." Where it could be shown that the ordinance completely deprived an owner of all beneficial use of his land the court declared that would be proof of such hardship as would require the board to grant relief so as to prevent complete confiscation of the owner's land without compensation.
Here there is not the slightest suggestion of such confiscation. Indeed it is undisputed that petitioner has a dwelling on his land, resides there, and is enjoying other beneficial use thereof. There is no question that his premises restricted as they are to such use or to other uses permissible in a residence B district have a substantial sale value and are not thereby subjected to confiscation in any degree. We are, therefore, of the opinion that the board's decision is supported by undisputed evidence as to lack of hardship and must be sustained notwithstanding that it fails to contain any statement of the reasons or grounds upon which it is based.
The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the decision of the respondent board is affirmed.