WILLIAM L. CAREY *et ux. vs.* THOMAS P. CASSIDY *et ux.*

MARCH 31, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This bill in equity was brought by the complainants to enjoin the respondents from converting a barn into four apartments in violation of the zoning ordinance of the city of Newport in this state. The cause was heard in the superior court on a demurrer to the amended bill and it is now before us on complainants' appeal from a decree sustaining the demurrer.

The bill alleges that the parties own adjacent parcels of real estate in a residential "C" district under the zoning ordinance of that city; that respondents' property is less

than 20,000 square feet in area; that, according to the ordinance, a building cannot be erected or converted for use as a four-apartment house in that district on such an area; and that the "permit" granted to respondents by the zoning board of review, hereinafter called the board, authorizing the alteration of the existing building into four apartments was illegal and void.

The respondents demurred to the bill on three grounds. The second ground, which was the only one considered by the trial justice, was that complainants were not entitled to relief in equity because, while the bill alleged that the board "had by ordinance the right to grant exceptions to the Zoning Law," no facts were set forth therein that would render the action of the board illegal. A careful examination of the bill shows no admission by complainants that the board had authority to grant exceptions, but rather it alleges that the board did not have such authority, and that in granting to the respondents the permit here in question it had assumed unto itself the legislative power vested in the representative council of the city of Newport. However, the trial justice adopted respondents' view in the matter and sustained the demurrer on the above-mentioned ground.

The complainants' contentions are: First, that the word "exception" as such nowhere appears in the ordinance, nor are any specific instances indicated therein when the board would be authorized to grant relief by exception; second, that the board could only grant a variance from the provisions of the ordinance solely with respect to a parcel of land where, owing to conditions especially affecting such parcel, a literal enforcement of the prescribed regulations would involve substantial hardship to the applicant; third, that in granting respondents the "permit" under consideration, which the trial justice construed as synonymous to "exception," the board acted clearly beyond the authority conferred upon it by the legislative council; and fourth,

that in any event, since respondents' lot was admittedly less than 20,000 square feet in area, the board was without jurisdiction in the matter according to the plain language of the ordinance.

Upon careful consideration it is our judgment that the controlling question in this cause is raised by complainants' fourth contention and, therefore, it is not necessary to express an opinion as to the merits of the other contentions. Whether the board had authority to act in the circumstances alleged in the bill depends upon the following provisions of the zoning ordinance, chapter 78.

Section 1 thereof divides the city into residential, business and commercial districts to promote the public health, safety, comfort, convenience and general welfare by regulating and restricting, among other things, "the percentage of lot that may be occupied, the size of courts, yards and other open spaces * * *." Section 2 (13) defines an "apartment house" as a building arranged, intended or designed to be occupied by three or more families living independently of each other under certain specified conditions. Section 7 enumerates twelve uses that are permitted unconditionally in all residential districts and one use, the thirteenth, permits an apartment house "only when approved by the board of review, who shall determine in each individual application, the restrictions as to area, height, side yard, front yard, rear yard, and accessory uses."

To avoid possible misunderstanding, we note here that, having in mind the language of section 1, we are clearly of the opinion that the provision in section 7 concerning restriction of area refers to and means the percentage of the lot that may be occupied by an apartment house and not the area of the lot demanded by the ordinance in the various residential districts. In other words, in order for the board to have and exercise any authority under section 7 (13) its action must be predicated on the existence of a lot area as

definitely fixed by the ordinance for each residential district.

We recall at this point that respondents' barn, which they desire to convert into a four-apartment house, is located in a residential "C" district. The following provision of section 9 of the ordinance is of controlling force in the circumstances of this cause. "Area in a Residential 'C' District: No building shall be erected or altered to accommodate or make provision for more than two families for each 20,000 square feet of the area of the lot * * *." That provision is mandatory and we find nothing elsewhere in the ordinance which empowers the board in any given case to modify it. As stated, their authority under section 7 to permit an apartment in a residential district, subject to restrictions imposed by them, presupposes that such apartment is to be erected on a lot having the requisite area prescribed by section 9. We find no warrant in section 7 for the board to grant relief from the mandatory requirement of section 9. Since it is admitted that respondents' lot was less than 20,000 square feet in area, the board was clearly without jurisdiction in the matter and, therefore, its grant of a "permit" to them for a four-family apartment was null and void. The demurrer to the bill should have been overruled.

The complainants' appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*Cornelius C. Moore, Salvatore L. Virgadamo,* for complainants.

*McKiernan, McElroy & Going, Edward F. McElroy, Edward F. Gallogly,* for respondents.