ALFRED CARDIN *et ux. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NORTH PROVIDENCE.

MAY 14, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This is a petition for certiorari by certain remonstrants to review a decision of the zoning board of the town of North Providence granting to Anthony Palmisciano, hereinafter sometimes called the applicant, an exception under sec. 23 B (5) and B (8) of the zoning ordinance

of that town. The writ was issued and pursuant thereto the pertinent records have been certified by the respondent board.

For a full statement of the facts appearing in the return of the board in the instant case, reference is hereby made to our opinion in *Cardin* v. *Zoning Board of Review,* 80 R. I. 136, 93 A.2d 304, which also was a proceeding in certiorari between the same parties and for the same purpose. There, as here, Palmisciano applied for an exception or variation under the zoning ordinance as to lots 1009, 1010, 1012, 1013 and 1014 on assessors' plat No. 23 of the town of North Providence, which lots are located in a dwelling house district, to permit the use of such land for storing lumber. In the above-mentioned case we reversed the board's decision for the reasons stated in that opinion.

At the hearing before the board presently under consideration Palmisciano claimed, substantially as he did in the prior case, that there was a deep hollow in the nature of a dump on the land in question which would require considerable filling in and leveling to bring it up to grade; that even though such land were filled in, it would still be undesirable for dwelling houses as the buildings "would settle in ten or fifteen years"; and that if granted the relief prayed for he would bring it up to grade, since he desired to use the lots for truck movements and the storage of more lumber in connection with his expanding lumber business which he conducted on nearby lots, apparently as a result of special permission previously given by the board.

The remonstrants are the owners of dwelling houses on land actually abutting or within 100 feet of some or all of applicant's lots. They objected in person and through counsel to the granting of the application contending that the storage of lumber on said lots, which are practically surrounded by dwelling houses, would increase the fire hazard and the insurance rates; that the values of their respective properties would be seriously affected by such use; and

that in effect it would convert the neighborhood from its present built-up residential character into a business zone.

It clearly appears from the board's decision that Palmisciano was granted an exception to and not a variance from the zoning ordinance. He therefore derived no benefit by stressing the fact that the land required considerable filling in before it could be used for the erection of dwelling houses since the question of unnecessary hardship to him was not involved. We note, however, that mere inconvenience or expense of filling a depression to bring the land to grade would not of itself necessarily amount to undue hardship or make impracticable its proper use within the zone in which it is located. *Taft* v. *Zoning Board of Review,* 76 R. I. 443, 448; *Ricci* v. *Zoning Board of Review,* 72 R. I. 58, 61. The opinion expressed by the board in its decision that applicant's lots are "an eyesore" and that "it would be to the best interest of the town to have this area filled" is of no consequence unless the board had authority to grant an exception in the circumstances of record.

Following a number of preliminary clauses the decision reads as follows: "Resolved, That the Board, therefore, grants the applicant the right to use the lots in question for lumber storage under Sections 23-B-5-B-8 North Providence Zoning Ordinance, provided: 1. That the filling be started immediately. 2. That storage of lumber be arranged in an orderly manner. This exception to the zoning ordinance will expire two years from date of issuance."

Subdivision B of sec. 23 is entitled: "Exception under specific rules." Paragraph B (5) thereof authorizes the board to "Grant in *undeveloped sections* of the city [town] temporary and conditional permits for not more than two-year periods for structures and uses that do not conform to the regulations herein prescribed for the district in which they are to be located." (italics ours) According to paragraph B (8) the board is authorized to "Permit in a dwelling house district or an apartment house district such modifi-

cation of the requirements of this ordinance as said board may deem necessary to secure an appropriate development of a lot where adjacent to such lot there are buildings that do not conform to the provisions and regulations of the ordinance."

Upon due consideration it is our opinion that in the circumstances of the instant case the board was not warranted in granting an exception to Palmisciano under either of the above-quoted provisions of the ordinance. Both paragraphs B (5) and B (8) are jurisdictional in character. By B (5) the board's jurisdiction is expressly limited to cases arising in "undeveloped sections" of the town, the finding of which basic fact constitutes a condition precedent to the exercise of any authority by the board in the matter. See *Carey* v. *Cassidy*, 81 R. I. 411, 103 A.2d 793. By B (8) the authority of the board is plainly restricted to circumstances where "adjacent" to the lot for which an exception is sought "there are buildings that do not conform to the provisions and regulations of the ordinance."

On the facts presently before us the board was clearly without authority to grant an exception. It had no jurisdiction under sec. 23 B (5), because applicant's lots were not in an undeveloped section of the town but plainly in a presently built-up residential district. It also was without jurisdiction in the matter under sec. 23 B (8), since the buildings adjacent to the lots in question *did conform* to the provisions and regulations of the ordinance, whereas said paragraph B (8) gave the board authority to grant an exception only if such buildings *did not conform* to the requirements of the ordinance. In the circumstances of record the decision under review is in effect an attempt at spot zoning without lawful authority. Since the board acted in excess of its jurisdiction, it necessarily follows that the grant of an exception is null and void.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified to this

court are ordered returned to the respondent with our decision endorsed thereon.

*Corcoran, Foley & Flynn, Francis R. Foley,* for petitioners.

*Edmund A. Baldi,* Town Solicitor, for respondent.

*Isadore S. Horenstein,* for applicant.