122 A.2d 198 (1956)
Carl W. MINNIEAR et al.
v.
ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.
M. P. No. 1128.
Supreme Court of Rhode Island.
April 19 as of January 17, 1956.
Aram A. Arabian, Providence, for petitioners.
Joseph V. Cavanagh, City Sol. of Cranston, for respondent.
O'CONNELL, Justice.
This is a petition for a writ of certiorari to review the decision of the zoning board of review of the city of Cranston granting an application for an exception to or variation of the zoning ordinance to permit the erection and operation of a gasoline filling station in said city. The writ was issued and pursuant thereto all pertinent records have been certified to this court.
It appears therefrom that the lot upon which the station is to be erected is unimproved and is owned by Henry J. Bood and Fred C. Taylor, the applicants. It is located in a dwelling house "C" district at the southwest corner of Pontiac avenue and Garden City Drive and is more particularly designated as lot No. 3204 on assessor's plat No. 9-1. The land in the rear between lot 3204 and the Pocasset river, which land is also owned by these applicants, is subject to sewer easements for the benefit of the city of Cranston, thus making that area unusable for residential purposes. A mill, which is located immediately across the river to the southwest, carries on manufacturing operations *199 twenty-four hours a day and is within plain view of the proposed station.
Due notice of the pendency of this application was given and a hearing thereon was held before the board. Evidence was presented in behalf of the applicants to the effect that the lot involved herein was not suitable for residential purposes; that the proposed investment would cost about $36,000 or $37,000; and that the station would be in harmony with the surrounding area. Evidence was also submitted that there was need for an additional station at the site proposed. On the other hand a large number of remonstrants appeared at the hearing and objected to the granting of the application. These objections were based mainly on the grounds that there was no great demand or need for a filling station at the proposed location and that an additional gas station at that location would create increased traffic hazards and congestion.
On March 15, 1955 the board filed its written decision granting the application for the reasons and subject to the restrictions set forth therein. Among such reasons are the following: (1) That the public convenience and welfare will be substantially served and the appropriate use of the neighboring property will not be substantially or permanently injured. (2) That the proposed use of the premises is deemed by the board to be in harmony with the character of the neighborhood. (3) That with respect to lot 3204 it is deemed necessary that the requirements of the zoning ordinance be modified so as to secure an appropriate development of such lot. (4) That the value of the surrounding property will not be depreciated by the use of the premises for which the application was made. (5) That the proposed use of such premises, subject to the restrictions attached thereto, will not be contrary to the public interest. (6) That lot 3204 cannot be appropriately used for residential purposes, and a literal enforcement of the provisions of the zoning ordinance with respect to that lot and others in the adjacent area will result in unnecessary hardship to the applicants.
In granting the application the board imposed seven restrictions as to the use of the premises. Among them were provisions that the entire area of the lot, except where the building, pump aprons, and planting areas are located, shall be concrete or black-top surfaced; that a sidewalk shall be installed and maintained along the entire length of the Pontiac avenue and Garden City Drive sides of the premises; and that business operations shall be confined to the hours between 7 a.m. and 10 p.m. daily.
It would appear from the above-mentioned reasons for the decision of the board that the application was granted on grounds that would support an exception under the ordinance and also a variance under the statute. We have examined the record, testimony and exhibits, and we are of the opinion that there was no legal evidence to support the finding of unnecessary hardship within the meaning of that term in the zoning statute so as to justify a variance thereunder. However, such examination of the record discloses evidence to support the findings and the decision granting the application with restrictions as an exception under subparagraphs (8) and (9) of sec. 24 B of the zoning ordinance.
It is true that the zoning board is under no obligation to grant an exception under the ordinance unless the application sets forth the particular section relied upon. Caldarone v. Zoning Board of Review, 74 R.I. 196, 60 A.2d 158. But where the application and evidence make it clear that the applicant is seeking an exception under a particular provision of the ordinance, the board is not precluded from making pertinent findings and, if proper, from granting the application as one for such exception.
Since the record discloses the fact that the board treated the application as an exception under an appropriate provision of the ordinance and since there was evidence to support their findings in that connection, we are of the opinion that the case falls within the well-settled rule that *200 the decision of a zoning board will not be set aside unless it is so arbitrary and unreasonable as to show a clear abuse of discretion. Petrarca v. Zoning Board of Review, 78 R.I. 130, 80 A.2d 156; Buckminster v. Zoning Board of Review, 68 R.I. 515, 517, 30 A.2d 104; Jacques v. Zoning Board of Review, 64 R.I. 284, 12 A.2d 222. From our examination of the record, testimony and exhibits herein, we cannot say that the decision of the board is arbitrary or unreasonable, or that the board abused its discretion.
The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records and papers certified to this court are ordered returned to the respondent board with our decision endorsed thereon.
CAPOTOSTO and BAKER, JJ., not participating.