CLEMENCE E. A. PERRIER *vs.* BOARD OF APPEALS OF

THE CITY OF PAWTUCKET.

JULY 25, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a petition for a writ of certiorari to review and quash a decision of the board of appeals of the city of Pawtucket sitting as the zoning board of review, granting the application of an owner of a lot, on which was located an auto body works, for permission to extend said works into an adjoining lot which was located in a residence B district and on which he had an option to purchase. Pursuant to the writ the pertinent records have been certified to this court.

The application makes no reference to any particular section of the ordinance under which relief is sought.

Paragraph VII of the record, which contains the decision, reads as follows:

> "The Board took the matter under advisement, viewed the premises, and permission is *Granted* on the following conditions:
>
> 1. That the partition surrounding the spray room is to be constructed of: ¾ inch channel, wire lath, concrete partition not less than two inches thick *or* 2x3 metal studs, wire laths, plastered by Perlite on each side. The doors to the spray room are to be metal clad.
> 2. All lights in the spray room are to be non-explosive.
> 3. The Exhaust fan as shown on submitted drawings is approved.
> 4. That there will be no repairing of vehicles in front of the building.
> 5. That all rubbish shall be removed from the property weekly."

Although the board states that it took a view, the record does not disclose what it saw and acted on. One of the grounds in the petition is that the board did not state the reasons for its action. Realizing that such boards are gen-

erally composed of laymen and oftentimes they do not have the benefit of legal advice, we have not held them to the standard required of judicial bodies. However, we have repeatedly held that we must know or be able to find out from the record the reasons for a board's action, and failing to find such reasons there we cannot sustain its decision. This record is absolutely barren of any clue as to why the board granted the application, and therefore the case comes within the rule stated in *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515.

The papers previously certified to this court are accordingly remanded to the respondent board for the purpose of clarifying and completing its decision in accordance with this opinion.,

*Thomas F. Vance, Jr.,* for petitioner.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Ass't City Solicitor, for respondent.