219 A.2d 475 (1966)
Bertha K. RUSSELL et al.
v.
ZONING BOARD OF REVIEW OF the TOWN OF TIVERTON.
M. P. No. 1727.
Supreme Court of Rhode Island.
May 13, 1966.
Dolbashian & Chappell, Paul M. Chappell, Portsmouth, for petitioners.
William B. Sullivan, Town Sol. for Town of Tiverton, for respondents.
PAOLINO, Justice.
The petitioners brought this petition for certiorari to review a decision of the zoning board of the town of Tiverton. Pursuant to the writ the board returned to this court certain papers which it certified were true copies of the board's records.
*476 It appears from the allegations in the petition that petitioners own a parcel of land on the easterly side of the Sakonnet River in the town of Tiverton. This parcel was platted in 1953, a copy thereof being recorded on June 16, 1953; it was replatted by plat recorded on June 18, 1961. The land, as platted, consists of forty-three lots, each measuring approximately 50 by 100 feet.
On October 7, 1961, pursuant to the provisions of G.L. 1956, chap. 23 of title 45, the town enacted a "subdivision of land" ordinance, which provided in part that all lots should thenceforth have a minimum area of 8,000 square feet. On October 15, 1964, pursuant to the provisions of the general enabling act, G.L. 1956, chap. 24 of title 45, a zoning ordinance was adopted by the town council and a zoning board of review was appointed thereunder on November 19, 1964. Under such ordinance petitioners' land was zoned "Residence Farming R.F.," requiring 20,000 square feet as a minimum lot size, 125-foot street frontage, 40-foot front yard, 25-foot side yard, and 35-foot rear yard.
The petitioners allege that they complied in all respects with the requirements of the subdivision ordinance as to the laying of water lines and streets; that in March 1965 they applied to the building inspector for sixteen building permits to erect sixteen summer homes on combined abutting lots, each measuring approximately 100 by 100 feet; and that said lots would comply with the front, rear, and side yard requirements of the ordinance, but not with the requirements of 125-foot frontage and 20,000 square-foot-minimum lot size. Their applications were denied by the building inspector.
The petitioners further allege that they appealed from the action of the building inspector to the zoning board, "and did in said appeal, without waiving rights therein and specifically denying a waiver of rights therein, file for an exception and a variance requesting the allowance of lots 10,000 square feet more or less in area"; that the board held hearings thereon; and that testimony was taken on the question of unnecessary hardship pursuant to § 45-24-19 c. of the enabling act.
The petitioners contend that the zoning ordinance is invalid because of lack of compliance with the procedural requirements of the enabling act authorizing the enactment of zoning ordinances and also because it incorporates provisions governing the division and subdivision of land which are in excess of the power granted to the town council under the act. Moreover, they argue that even if the ordinance is valid, the board abused its discretion and acted arbitrarily; that it failed to keep proper records of the proceedings before it; and that it did not give the reasons on which it based its decision.
It appears to us from the shallow record in this case that both petitioners and the board treated petitioners' requests as applications for building permits and, at the same time, as applications for special exceptions and/or variances. See Mello v. Board of Review, 94 R.I. 43, 48, 177 A.2d 533. From our search of the record we have been unable to find either the applications for the building permits or the appeals therefrom to the zoning board; nor have we found any paper or papers purporting to contain the requests for relief by way of special exceptions and/or variances. In the circumstances we are not able to ascertain precisely what is the basis of petitioners' request for relief. Additionally, we are without benefit of either a proper transcript or a reasonable summary of the proceedings before the board.
It is well established that if there were requests asking the board to exercise its discretion under applications for exceptions or variances under the ordinance, petitioners were precluded from raising any question as to the validity thereof because by asking for such relief they necessarily admitted the validity of the very ordinance upon which they relied and they cannot *477 raise the issue in this proceeding. Sweck v. Zoning Board of Review, 77 R.I. 8, 72 A.2d 679. The petitioners gain nothing by their statement that in filing "for an exception and a variance requesting the allowance of lots 10,000 square feet more or less in area" they did so "without waiving rights therein and specifically denying a waiver of rights therein * * *." Viewed in this lights, we do not consider their contentions challenging the validity of the ordinance.
We next consider the questions of the adequacy of the records kept by the board and whether it has stated the reasons for its decision so that we can intelligently pass on the merits thereof.
General Laws 1956, § 45-24-15, providing for the records to be kept by a zoning board, reads as follows:
"The board shall keep minutes of its proceedings, showing the vote of each member upon each question or, if absent or failing to vote, indicating such fact, and shall keep records of its examinations and other official actions, all of which shall be filed immediately in the office of the board and shall be a public record."
In Robinson v. Town Council, 60 R.I. 422, at page 436, 199 A. 308, at page 314, the court said:
"The statute in this case expressly authorizes a party aggrieved to prosecute a writ of certiorari in this court. By so doing, the Legislature places upon us the duty of passing upon the reasonableness of the discretion exercised by the board of review in any given case falling within the scope of the statute. We will be put to great unnecessary inconvenience in the performance of this duty in order to prevent injustice if any board, acting as the respondent did in the instant case, fails to keep a proper record of all the proceedings, including a fair report or reasonably accurate summary of the oral testimony or facts brought before them or otherwise known to them, upon which they are to base their decision. It is therefore proper procedure for zoning boards of review to keep at least a fair record of the proceedings, substantially in the manner specified. Such boards should also set forth the ground or grounds for their decision, as this court is entitled to know the basis for their action, so that it may determine whether their decision on the facts in evidence bears a substantial relation to the protection of the public interests."
See also Buckminster v. Zoning Board of Review, 68 R.I. 515, at page 561, 30 A.2d 104, at page 105, where the court said at page 516:
"A party who claims to be aggrieved by the decision of a zoning board is entitled as of right to a review by this court on certiorari. G.L. 1938, chap. 342, § 8. For the court properly to perform its duty in the protection of the right secured by this statute to an aggrieved party, the court is entitled to know from the board itself the grounds for its decision. Unless the reasons for the board's action are set forth in its decision, even though they be but briefly stated, this court cannot fairly decide whether the decision under review is consistent with the exercise of reasonable discretion by the board, or whether such decision is an arbitrary and unreasonable exercise of the board's power. In Berg v. City of Warwick, 64 R.I. 290, at page 293, 12 A.2d 225, at page 226, this court, speaking of the decision of a zoning board said, `we do not intend to speculate as to the grounds on which such a board bases its decision.'"
As we understand the board's decision, it denied the appeal from the building inspector and ruled that if this was a request for a variance such request also be denied. Although the board also stated that it had accepted and exercised jurisdiction over this matter, it then stated: "We do have an ordinance which requires a minimum square footage and this is really what we have to *478 live with in the absence of authority to the contrary."
The record in this case does not meet the test set forth in Robinson, supra. The board's decision is such that we cannot ascertain therefrom the reasons on which it is based. Nor can we find such reasons from an examination of the record. See Petrarca v. Zoning Board of Review, 78 R.I. 130, 133, 80 A.2d 156 where in discussing the board's failure in that case to give any reason for its decision the court said: "Unless a zoning board complies with the above-mentioned direction it runs the risk of reversal if this court is unable to find from the record that there were good and sufficient grounds for the decision in question." See also Perrier v. Board of Appeals, 84 R.I. 356, 124 A.2d 237, and Winters v. Zoning Board of Review, 80 R.I. 275, 277, 96 A.2d 337.
Moreover, in a proper case the board has authority under the enabling act to vary the terms of an ordinance requiring a minimum square footage. Denton v. Zoning Board of Review, 86 R.I. 219, 133 A.2d 718. The board's statement to the contrary indicates that the board misconceived its authority under the act.
Because of the inadequacy of the record and the uncertainty inherent in the statement summarizing the board's decision, we do not believe the issue presented can properly be decided. It is our judgment that the board should reconsider these applications and exercise its fact-finding power so that the ultimate facts upon which its decision is based are sufficiently stated to enable this court to intelligently determine on review by certiorari "that error of law either does or does not inhere in that decision." Noyes v. Zoning Board of Review, 94 R.I. 15, 22, 177 A.2d 529. In such rehearing the board has the authority to consider petitioners' appeals as requests for variances, Mello v. Board of Review, 94 R.I. 43, 48, 177 A.2d 533, if petitioners so desire. We are unable on the basis of this record to perform the statutory duty imposed upon us of reviewing the board's decision.
The petitioners for certiorari is granted, the board's decision is quashed without prejudice, and the records certified are returned to the board for further proceedings in accordance with this opinion.
CONDON, C. J., and POWERS, J., not participating.