312 A.2d 580.

VENTURA PATALANO *vs.* ZONING BOARD OF REVIEW
OF EAST PROVIDENCE.

DECEMBER 14, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. In this petition for a writ of certiorari, Ventura Patalano, a remonstrant, asks us to review a Superior Court judgment[1] affirming a decision of the East Providence Zoning Board of Review granting a variance to his neighbors, Acacio and Beatrice deAndrade. The variance permitted the deAndrades to erect and operate

---

[1]The record certified by the Superior Court contains a written decision of the trial justice, but no judgment. Rather than quash the writ as improvidently issued because of that procedural defect, we sua sponte remanded the papers to the Superior Court for the entry of a nunc pro tunc judgment incorporating the written decision. That judgment has now been duly entered and the papers returned to this court. *See Boudreau* v. *Holzer*, 109 R. I. 81, 82-83, 280 A.2d 88, 90 (1971); *Metts* v. *B. B. Realty Co.*, 108 R. I. 55, 56, 271 A.2d 811, 812 (1970).

534

a garage for the repair of automobiles on the same premises on which their residence is situated. Those premises are located in a C-1 district where the proposed use is prohibited. We ordered the writ to issue. 110 R. I. 940, 295 A.2d 430 (1972). The pertinent papers transmitted pursuant to our writ were:

1) The record of the review proceedings conducted in the Superior Court which discloses that the trial justice, without hearing any additional evidence and relying solely on the record of the hearing before the zoning board, affirmed the board's decision because it had "made the requisite findings" and had imposed "specific limitations" upon the applicant;

2) The zoning board's decision which, without specifying the grounds upon which it was based, parrots the established statutory and decisional law which says that a variance may be granted if (a) a rigid insistence upon the property being devoted to a permitted use will result in unnecessary hardship, that is, will deprive the owner of all beneficial use and will therefore be confiscatory, and (b) the use proposed will not be contrary to the public interest. *See* G. L. 1956 (1970 Reenactment) §45-24-19(c); *Goodman* v. *Zoning Board of Review,* 105 R. I. 680, 683, 254 A.2d 743, 745-46 (1969); *Bilodeau* v. *Zoning Board of Review,* 103 R. I. 149, 151-52, 235 A.2d 665, 666-67 (1967);

3) A summary of the evidence presented at the hearing before the zoning board which indicates that there were no material evidentiary conflicts, and that the board found the prerequisite hardship in the evidence that Acacio deAndrade, unless permitted to erect and operate an automobile shop on his premises, would by reason of physical disability be unable to utilize his skills as an automobile repairman and would thereby be denied an opportunity to provide a living for his family.

Even a cursory examination of this record makes clear that the basis for the board's action was the evidence that

the landowner was physically unable to be gainfully employed except by devoting his premises to a prohibited use. But that kind of evidence lacks probative force on whether hardship in the zoning sense has been established. Hardship in that sense takes a "dollars and cents" approach and is concerned "* * * with whether the financial picture, either present or projected to all alternative permitted uses, is so bleak that it may be concluded that the owner is being deprived of all beneficial use of his property." *Goodman, supra* at 686, 254 A.2d at 747. It ignores as completely irrelevant "personal hardship growing out of [a landowner's] physical infirmities." *Winters* v. *Zoning Board of Review,* 80 R. I. 275, 279-80, 96 A.2d 337, 340 (1953).[2]

In this case, the record discloses *only* a hardship emanating from a physical infirmity. It fails to reveal even a hint of any "reliable, probative and substantial evidence"[3] justifying the conclusion that the property cannot be beneficially utilized or profitably operated if devoted to a permitted use. *Goodman, supra* at 683, 254 A.2d at 746. The absence of such evidence means that there was no legal basis for a grant of a variance. The board's decision was therefore clearly erroneous, as was the judgment of the Superior Court affirming that decision.

---

[2]In the *Winters* case we held that evidence of physical inability to earn a livelihood, except by selling bait and renting boats on premises where those uses were prohibited, was unavailable as a basis for establishing entitlement to a variance.

[3]General Laws 1956 (1970 Reenactment) §45-24-20 in pertinent part states:

"The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: * * * (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record * * *."

536

The petition for certiorari is granted, the Superior Court judgment is quashed, and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

*Taft & McSally, Richard R. Del Sesto,* for plaintiff-appellant.

*Stephen R. Walsh,* for defendant-appellee.