143 A.2d 307 (1958)
Salvatore DI CECCO et al.
v.
ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.
M. P. No. 1227.
Supreme Court of Rhode Island.
July 11, 1958.
J. Joseph Nugent, Francis D. Fox, Providence, for petitioners.
William E. McCabe, City Sol., Harry Goldstein, Asst. City Sol., Providence, for respondent.
PAOLINO, Justice
This petition for a writ of certiorari was brought to review the action of the respondent board granting an exception to permit the extension of a nonconforming use by allowing the erection of an outdoor advertising sign. Pursuant to the writ the pertinent records have been certified to this court.
On July 30, 1957 Beatrice Altieri, Lisa Neri and Mary Pollozzi filed an application for an exception or a variation under the zoning ordinance of the city of Providence with respect to certain premises located at 682 Douglas avenue, and described as lot No. 464 on assessor's plat No. 123. The premises, which are in an "R-3 General Residence Zone," consist of a parcel of *308 land with a building thereon. Prior to the adoption of the new zoning ordinance by the city of Providence on September 21, 1951, when the area in which the lot is located was changed from a business zone to an R-3 zone, the premises had always been zoned for business uses and have continuously been used as such to the present time. It appears from the record that the applicants' tenant, Douglas Tire Sales, has occupied the premises as a business establishment since June 1951. It is undisputed that such use is a legal nonconforming use.
In the application permission is requested to erect "an outdoor advertising sign 9' x 11'4" on a 10 inch steel pole." The applicants state therein that the present pole has been in existence for the past seven years; that it is to remain in its present location; and that they seek relief under secs. 91, 92 and 43 A of chapter 544 of the zoning ordinance.
It appears from the evidence that there is presently on said premises a sign measuring 6 feet by 4½ feet bearing the legend "Douglas Tire Sales"; that the proposed addition would add the words "Vanderbilt V Tires"; that the only part which will be illuminated is the wording on the sign; and that the sign will be facing up and down Douglas avenue. An attorney representing the applicants stated that the illumination from the sign would not affect any of the adjacent home owners. He also stated that there are many other businesses in the immediate vicinity, including two gasoline stations, a kerosene delivery depot, a hardware store and a meat market. The owner of the Douglas Tire Sales testified in substance that it was necessary for him to have the proposed sign in order to protect his investment.
At the hearing on the application the petitioners appeared and opposed the granting of the requested relief. In substance their objections were based on the ground that the sign would interfere with the use and enjoyment of their property.
On September 26, 1957 the board filed its decision. It stated therein that it had made an inspection of the premises and the surrounding properties and that it had examined and weighed all of the evidence. After finding that the proposed sign was essential for the efficient and proper operation of the "present legal non-conforming use presently being conducted on the premises" and that it would not cause any injury to the appropriate use of the neighboring properties, the board unanimously voted the following resolution: "Resolved: That the Zoning Board of Review does hereby make a variation of the use district regulations under the Zoning Ordinance and does hereby grant the application of Beatrice Altieri in accordance with the plans and plot plan filed with said Board."
The instant application refers to secs. 91, 92 and 43 A of the zoning ordinance as the sections under which relief is requested. Section 43 is entitled "R-3 General Residence Zone." Paragraph A (4) thereunder, which relates to permitted uses in an R-3 zone, provides as follows: "Name Plate or Signs  One identification sign not exceeding 12 square feet in area for multiple dwellings, provided that such sign shall be located not less than 15 feet from the front or side lot line except where it is affixed to the wall of the building and does not extend over the sidewalk."
The city solicitor contends that a fair appraisal of the record indicates that the application is for an extension of a nonconforming use; that the board's decision shows that it so interpreted the application and the evidence supporting the same; and that the board granted relief on that basis. He further contends that the relief granted is an an exception permitting the extension of a nonconforming use upon the same lot by virtue of the authority conferred upon it by sec. 23E of the zoning ordinance.
We can assme that te board's tratment of the application as a request for an exception is correct. See Minniear v. Zoning *309 Board of Review, 84 R.I. 183, 122 A.2d 198. It is also clear that the board has the power, under sec. 92 of the zoning ordinance, to make special exceptions in certain cases and under certain conditions. However, the instant application relates to an extension of a nonconforming use. The city solicitor contends that the board's authority to permit the extension of a nonconforming use upon the same lot is derived from sec. 23 E of chap. 544 of the zoning ordinance.
Section 23 provides for the continuance of nonconforming uses or buildings. Subsection E thereunder relating to special exceptions provides: "The regulations of this Section pertaining to nonconforming uses and buildings shall not preclude the extension of such nonconforming uses or buildings upon the same lot occupied by such use or building at the time this Ordinance became effective, if first approved by the Board as provided for in Sections 91 and 92." (italics ours)
It is undisputed that the proposed sign will extend over the sidewalk a distance of six feet. This was conceded by the city solicitor in his oral argument before us. Assuming without deciding that the board complied with the provisions of secs. 91 and 92 in approving the extension of the nonconforming use of either the premises or the old sign, it is clear that it exceeded the authority conferred upon it by sec. 23 E in granting an extension of such nonconforming use beyond the property lines of the lot occupied by such use or building. The board's power under sec. 92 to grant special exceptions is restricted by the express language of sec. 23 E.
Under such limited power the board has the authority in a proper case to make a special exception and to grant an extension of the nonconforming uses or buildings upon the same lot occupied by the uses or buildings at the time the zoning ordinance became effective, but it does not have the power to grant this extension beyond the limits of such lot. For these reasons it is our opinion that the action of the board was illegal. Therefore we deem it unnecessary to pass upon the other issues briefed and argued by the petitioners.
The petition for certiorari is granted, the decision of the respondent board is reversed, and the records which have been certified to this court are ordered sent back to the board.