160 A.2d 366 (1960)
Louis KING et ux.
v.
ZONING BOARD OF REVIEW OF the TOWN OF WARREN et al.
M. P. No. 1233.
Supreme Court of Rhode Island.
April 29, 1960.
Frank L. Martin, Providence, for petitioners.
James E. Murphy, Town Sol., Warren, for respondents.
POWERS, Justice.
This is a petition for a writ of certiorari to review and quash a decision of the zoning board of review of the town of Warren granting the application of the owners of three certain lots located on Child street for an exception under the zoning ordinance to permit them to erect a building for a store, stand or eating house in a residence C district. Pursuant to the writ the pertinent records have been certified to this court.
It appears therefrom that after a hearing the board took the matter under advisement and thereafter entered the following decision: "It is unanimously voted that this Board in the exercise of its discretion and having in mind the public safety grant the exception prayed for in the application with the added provision that no signs be erected on lots #124 and #125."
*367 One of the issues raised by petitioners is that the board did not state the specific grounds upon which its decision was based. In Perrier v. Board of Appeals, 84 R.I. 356, when confronted with a similarly incomplete record this court stated at page 358, "However, we have repeatedly held that we must know or be able to find out from the record the reasons for a board's action, and failing to find such reasons there we cannot sustain its decision."
In the instant case it does not clearly appear whether the board granted an exception or a variance. It made no findings on the issue of hardship as contemplated in the enabling act authorizing variances. Nor did it make any finding on either the issue of public convenience or the absence of permanent injury to surrounding properties within the meaning of the provisions of the zoning ordinance relating to the granting of exceptions involving such issues. Since the application shows that the lots are all in the same district, it is apparent that the board was not relying on section XIII, subparagraph 2, which provides, "Grant the extension of a building or use into a more restricted district immediately adjacent thereto."
The records certified to this court are accordingly returned to the respondent board for the purpose of clarifying and completing its decision.