238 A.2d 365.

GEORGE A. VICAN *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

FEBRUARY 14, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

430

PAOLINO, J. This is a petition for a writ of certiorari to review a decision of the respondent board denying the petitioners' application for an exception or variance to use a dwelling house in an R-3 zone as a five-unit apartment building. The writ issued and pursuant thereto the pertinent records have been certified to this court.

The petitioners own a parcel of land at 156 Medway street, on which is located a 2½-story frame building containing five dwelling units and a 2-car garage. They purchased this property in 1963. It appears from the record that originally the dwelling was a one-family house but that for some time prior to their acquisition of the property, it had been used for six apartments. After they purchased it, petitioners used the property as a five-unit apartment building until sometime in early 1967 when they were notified by the director of the department of building inspection that such use was in violation of chap. 544, sec. 43 C.1., of the zoning ordinance, which provides that in an "R-3 General Residence Zone * * * The minimum lot area per dwelling unit shall be 2000 square feet."

The petitioners thereupon filed the instant application. In answer to question 13, which requests the applicant for relief to specify the "Provision or regulation of Zoning Ordinance or State Enabling Act under which application for exception or variation is made," petitioners refer to sec. 43 C.1. of the ordinance, which, as we have stated previously, sets forth that in an R-3 zone the minimum lot area per dwelling unit shall be 2,000 square feet.

In answer to question 14, which requests the applicant to

"State grounds for exception or variation in this case," petitioners state that

> "The applicant respectfully seeks an exception in order that the said premises be continued as a 5 unit dwelling. * * * Further, a denial based upon the strict literal enforcement of the ordinance would subject the applicant to undue and unnecessary hardship."

It appears from such statements that petitioners were apparently seeking relief by way of an exception, a variance, or both, on the following grounds which they allege in reply to question 14:

> "* * * The building has been used in this manner prior to the date the applicant purchased the premises in 1963. The prior owners have used said premises in a like manner since at least 1953. The building is located in an area which borders a C-2 commercial zone and has experienced a complete change in character during the past ten years. * * * The premises contain a 2 car garage and a driveway which can accommodate 6 cars. Also, indicated on the prints is a parking area for residents across the street. This building has been occupied for at least 14 yrs. without any conflict against public interest consequently it does not seem feasible that the public interest will now be impaired. In view of the substantial change in the character of the neighborhood, the prior use of the said building and the more than adequate parking facilities, the granting of this exception can in no way jeopardize the welfare of the community. It would be an anomaly to hold that the mere addition of 3 tenants would create undue congestion in a neighborhood of this character. * * *"

At the hearing before the board, one of petitioners testified that he was not aware of the zoning restrictions when he purchased the premises; that the character of the area had changed substantially since 1958; and that petitioners were seeking relief from area restrictions. The petitioners' real estate expert testified that in the last ten years the area had changed from a one and two family neighborhood to commercial and multifamily apartment houses; that the

proposed use would not depreciate surrounding property values; and that it would not unduly congest the area. It appears from the record that this building was used as a three-family house prior to 1958; that in October 1958 a prior application to enlarge it to seven apartments was denied; and that between 1958 and 1967 someone unlawfully added two apartments. On the view we take, we need not discuss the evidence presented by remonstrants.

After the hearing, the board denied the application on the basis of its findings that (1) the proposed use violated the minimum area requirements of sec. 43 C.1. because the applicant would be 4,300 square feet short of the required lot area for five dwellings, (2) it would increase the density of the lot to a highly undesirable level, and (3) adequate parking was not proposed.

We note at the outset that this case does not involve a legal nonconforming use and we are satisfied that in arriving at its decision the board did not misconceive the evidence or the law pertaining to legal nonconforming uses. The petitioners' contention to the contrary is without merit.

Although petitioners state in their application that they are seeking an exception or a variance, they have failed to refer in their application or brief to any specific section of the ordinance under which they would be entitled to an exception. Nor is there any evidence elsewhere in the record tending to show that a claim for a specific exception was being made. Accordingly, this application must be treated as one for a variance only. *Caldarone* v. *Zoning Board of Review*, 74 R. I. 196, 199, 60 A.2d 158, 159; *Winters* v. *Zoning Board of Review*, 80 R. I. 275, 278, 96 A.2d 337, 339; *Lincourt* v. *Zoning Board of Review*, 98 R. I. 305, 308, 201 A.2d 482, 485. As the court said only recently in *Vartian* v. *Zoning Board of Review*, 98 R. I. 450 at 452, 204 A.2d 428, 430:

"* * * This court has never departed from the rule * * * that an application for an exception or a variance

is to be treated as one for a variance only, when the application fails to specify the provision of the ordinance, if any, under which the exception sought is to be granted and there is no evidence elsewhere in the record to show that a claim for a specific exception is being made."

The only section referred to by petitioners in their application is 43 C.1., but, as already pointed out, that section merely relates to minimum lot area requirements. It does not authorize the board to grant an exception from the requirements of 43 C.1. The petitioners have cited no section of the ordinance, nor have we found any, which would authorize the board to grant the relief sought as an exception under the ordinance. The application must, in the circumstances, be treated as one for a variance. *Vartian* v. *Zoning Board of Review, supra.*

In considering the application as one for a variance from the terms of the ordinance, *Kraemer* v. *Zoning Board of Review,* 98 R. I. 328, 331, 201 A.2d 643, 644, we find no competent evidence which would support a finding by the board that a literal enforcement of the R-3 restriction would deprive petitioners of all beneficial use of their property so as to amount to confiscation thereof. The only evidence presented by petitioners relates to the change in the character of the area and to the amount of money expended on the property; but there is no evidence that the cost of using the property for the permitted use is so prohibitive that it would in effect amount to deprivation of all beneficial use. The sum and substance of petitioners' evidence is that the proposed use would be more profitable. It is the law in this state that deprivation of the most profitable use of land is not of itself proof of unreasonable and unnecessary hardship amounting to confiscation, a prerequisite to obtaining a variance from the terms of a zoning ordinance. *Sundin* v. *Zoning Board of Review,* 98 R. I. 161, 200 A.2d 459; *R-N-R Associates* v. *Zoning Board of Re-*

*view,* 100 R. I. 7, 210 A.2d 653; *Olson* v. *Zoning Board of Review,* 96 R. I. 1, 188 A.2d 367.

In our judgment petitioners have not sustained their burden of proving unnecessary hardship so as to entitle them to a variance. *Laudati* v. *Zoning Board of Review,* 91 R. I. 116, 126, 161 A.2d 198, 162 A.2d 284.

We consider next whether the doctrine set forth in *Viti* v. *Zoning Board of Review,* 92 R. I. 59, 166 A.2d 211, and *H. J. Bernard Realty Co.* v. *Zoning Board of Review,* 96 R. I. 390, 192 A.2d 8, applies to this case. In those cases we held that building, height and lot-line restrictions are regulations governing permitted uses as distinguished from regulations limiting the use one may make of his property; that a property owner was not required to prove a loss of all beneficial use, as is so in the case of a true variance; but that he must prove an adverse effect amounting to more than mere inconvenience.

On the record before us, there is no evidence to support a Viti-type variance. In our judgment there is no evidence to support a grant of the relief requested on any conceivable theory.

The petitioners' allegation that the record before us is not a complete and accurate record of what transpired before the board is not supported by the transcript. On certiorari, under our settled rule, we review only the record before us. *Taft* v. *Zoning Board of Review,* 76 R. I. 443, 71 A.2d 886. We cannot consider matters which do not appear in the record. Nor is there anything in the transcript showing that petitioners were denied requests to cross-examine witnesses or to object to evidence introduced in opposition to their application. Prehearing discussions which may have taken place between the petitioners and the board, and which the petitioners failed to have included in the record of the case, are not before us on certiorari. On this record the petitioners' claim that they were denied re-

quests to cross-examine witnesses is not before us, and would serve no purpose even if it were. See *Colagiovanni* v. *Zoning Board of Review*, 90 R. I. 329, 158 A.2d 158; *Zimarino* v. *Zoning Board of Review*, 95 R. I. 383, 187 A.2d 259; and *Westminster Corporation* v. *Zoning Board of Review*, 103 R. I. 381, 238 A.2d 353.

For the reasons stated we hold that the board's decision is supported by the record. *Hazen* v. *Zoning Board of Review*, 90 R. I. 108, 111, 155 A.2d 333, 335.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*John D. Biafore*, for petitioners.

*Robert J. McOsker*, City Solicitor, *Edward F. Malloy*, Assistant City Solicitor, for respondent.