[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal from a decision of the South Kingstown Zoning Board of Review. The plaintiff here seeks reversal of the Zoning Board's June 5, 1989 decision denying her petition for a variance. An appeal was taken by the plaintiff to this Court pursuant to G.L. 1956 (1991 Reenactment) § 45-24-20
and Article 5, Section 550 of the Zoning Ordinance of the Town of South Kingstown.
On February 22, 1989, Gail A. Johnston (plaintiff) filed an application for a variance with the Zoning Board of Review of the Town of South Kingstown (Board). The plaintiff is the record owner of a parcel of land identified on Assessors Plat 60-1 as Lot number 3, which is located between Sunset View Boulevard and Wordens Pond Road in South Kingstown. The lot was originally platted as four lots that were designed as lots 9, 10, 18 and 19. The lot is located in an RR-80 zone, which requires a minimum lot size of 80,000 square feet and frontage of 200 feet pursuant to Article 2, Section 230 of the zoning ordinance. Lot 3 has an area of 30,929 square feet. The plaintiff's home and septic system are located on lots 18 and 19 while lots 9 and 10 are undeveloped.
The plaintiff's application for a variance requests relief from Section 230 of the zoning ordinance which regulates minimum lot size and frontage requirements. Essentially, what the plaintiff wishes to do is utilize the two undeveloped lots (9 and 10) to build a handicapped accessible ranch home for her handicapped daughter. In order to accomplish this, plaintiff contends that the four original lots have not been merged pursuant to section 421 of the zoning ordinance. Furthermore, plaintiff contends that because the lots did not merge into one lot, the Board should grant a variance from minimum lot and frontage requirements upon a showing of more than a mere inconvenience.
A scheduled hearing was publicized and held before the Board on May 17, 1989. The Board heard testimony from the plaintiff and two expert witnesses presented by the plaintiff. The first witness, a professional engineer, testified to the feasibility of building a single family home on lots 9 and 10. A real estate expert then testified to the impact that a home would have on the value and character of the surrounding homes. In addition, several neighboring landowners spoke both in opposition to and in favor of the granting of a variance to the plaintiff.
After the hearing, the Board voted 3-2 to deny plaintiff's petition for a variance on lot 3. The Board, in its decision, rejected the plaintiff's legal argument that the lots have not merged. The Board then found that the plaintiff did not prove a loss of all beneficial use of her property. Furthermore, the current property did not meet the RR-80 zoning requirements and separating Lot 3 into two lots would create more of a nonconforming situation with two lots of 15,000 square feet each. The plaintiff filed a timely appeal requesting this Court to reverse the Board's decision and grant the request for a variance.
The jurisdiction of this Court to review the decision of the Board is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20(d) which provides as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the Board's decision was supported by substantial evidence in the whole record."Apostolou v. Genovesi, 120 R.I. 501, 388 A.2d 821 (1978). Substantial evidence has been defined innumerable times as more than a scintilla but less than a preponderance. Id. at 508, 388 A.2d at 825. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. at 508, 388 A.2d at 826.
The plaintiff contends that the subject lots have not merged into one lot by operation of Section 421 of the South Kingstown zoning ordinance, therefore allowing the lots to be separated and a second new home to be built on lots 9 and 10. The plaintiff further contends that since the lots have not merged, the Board applied an improper legal standard when deciding plaintiff's application.
In 1976, Section 421 of the South Kingstown zoning ordinance was enacted to authorize the merger of contiguous nonconforming lots in common ownership. Section 421 required adjoining lots in common ownership having contiguous frontage that fail to meet minimum frontage and area restrictions to merge automatically to form one lot. The ordinance was amended in 1980 to provide for the merger of undersized lots in common ownership that are adjacent to one another. The subject lot is located in a RR-80 district requiring a minimum lot size of 80,000 square feet and frontage of 200 feet. The size of the four platted lots which make up Lot 3 is approximately 31,000 square feet. (Tr. at 18). Merger generally requires the combination of two or more contiguous lots of substandard size that are held in common ownership in order to meet the minimum square footage requirements of a particular zoned district. R.J.E.P. Associatesv. Hellewell, 560 A.2d 353, 355 (R.I. 1989). Substandard contiguous lots cannot be developed as individual nonconforming lots unless the landowner applies for variance. Id.
Plaintiff contends that despite the fact that the nonconforming lots are adjacent to one another, the lots have not merged because there is frontage on two streets. Section 421 states in pertinent part:
 If two or more adjacent lots or parcels of land are under the same ownership on the effective date of this Ordinance, such lots shall be considered to be an undivided parcel of land for the purpose of this ordinance, and no single lot or portion thereof shall be used in violation of the requirements of Section 230 as to lot width and area.
The plain language of Section 421, supra, does not support plaintiff's interpretation of the ordinance.
Any judicial attempt at statutory interpretation is controlled by [the] maxim that the plain and ordinary language of the legislation be given effect. Mullins v. Bordeleau,517 A.2d 600 (R.I. 1986). Section 421, as amended, no longer refers to frontage as a pertinent criterion for merger of nonconforming lots under the same ownership but instead uses the words adjacent lots. "Adjacent" is defined as having a common border, abutting or touching. Webster's Third International Dictionary, p. 26 (1961). The plaintiff's lots clearly have a common border and are adjacent to one another. Accordingly, this Court finds that Section 421 applies to the subject lots and the nonconforming lots have been merged into one parcel by operation of law.
The plaintiffs next contend that the Board applied an improper standard of review when it held that the plaintiff did not show the requisite unnecessary hardship needed in order for the variance to be granted. Plaintiff contends that the Board erred when it did not apply the Viti doctrine which allows a deviation from restrictions governing a permitted use upon a showing of more than a mere inconvenience. Felicio v. Fleury,557 A.2d 480, 482 (R.I. 1989).
In Skelley v. Zoning Board of Review, the resulting parcel of land, remained substandard after the merger of an improved lot and an unimproved lot. 569 A.2d 1054 (R.I. 1990). The Court, applying the same South Kingstown zoning ordinance, stated that the requested relief could not be characterized simply as a variance from minimum lot size [and frontage requirements] because they were seeking to build a second dwelling on this substandard lot. Id. at 1057. This relief is not afforded by Section 301 of the ordinance which precludes more than one principle residence building on a lot in other than a Resident-Multi-Family (R-M) district. Id. Lot 3 is in an RR-80 district and therefore, the principal residence building currently on the lot is the only one permitted.
In order for the plaintiff to obtain a variance she must satisfy Section 521 of the South Kingstown zoning ordinance and show unnecessary hardship. See Skelley, 569 A.2d 1054 (R.I. 1990); Goodman v. Zoning Board of Review of Cranston,105 R.I. 680, 683, 254 A.2d 743, 745 (1969). This rule demonstrates that "unnecessary hardship" as defined in G.L. 1956 (1991 Reenactment) § 45-24-19(c) exists only when all beneficial use has been lost and the grant of a variance becomes necessary to avoid indirect confiscation. Rhode Island Hospital Trust National Bank v. EastProvidence Board of Review, 444 A.2d 862, 864 (R.I. 1982).
An examination of the entire record reveals that the plaintiff has not demonstrated a deprivation of all beneficial use. At the hearing, plaintiff's civil engineer testified to the feasibility of building a home on the undeveloped portion of Lot 3. The real estate expert then testified to the effect a new structure would have on the surrounding properties. Plaintiff testified to the increasing difficulty she is having raising a handicapped child in a raised-ranch style home and her desire to build a one level home for her daughter. Plaintiff was asked during her testimony why she does not sell her home and build a new one on another site. She responded that she did not think she could acquire a handicapped accessible home with the amount of money received from the sale of her home. (Tr. at 12). No testimony was presented to support this statement.
Case law clearly distinguishes undue hardship from "a personal inconvenience." Gartsu v. Zoning Board of Review of theCity of Woonsocket, 103 R.I. 429, 433, 238 A.2d 365 (1968); or even "serious financial hardship," Rhode Island Hospital Trust,444 A.2d 862 (R.I. 1982). The unimproved portion of plaintiff's lot adds value to the lot with the existing dwelling. Skelley,569 A.2d 1054 (R.I. 1990). Furthermore, a property owner does not have a vested property right in maximizing the value of [her] property. DiMillio v. Zoning Board of Review, 574 A.2d 754, 757 (R.I. 1990) (citing Annicelli v. Town of South Kingstown,463 A.2d 133, 140 (R.I. 1983)). While the Court is sympathetic with the plaintiff's current situation, the plaintiff has not met her burden of demonstrating a deprivation of all beneficial use of her property under the current RR-80 zoning.
For the foregoing reasons, this Court finds that the Board's decision to deny the variance as to Lot 3 is supported by substantial evidence.
The decision of the Zoning Board of Review of the Town of South Kingstown is affirmed.