[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is an appeal of the Zoning Board of Review for the Town of Scituate (hereinafter "Board"). Kenneth and Shelly Davis and Richard and Holly Fernandes (hereinafter "plaintiffs") seek a reversal of the Board's January 29, 1993 decision which denied them a variance to subdivide an existing lot into two substandard lots which do not meet minimum frontage requirements. Jurisdiction of the Superior Court to review the decision of the Board is pursuant to Rhode Island General Laws 1956 (1991 Reenactment) § 45-24-20.
Statement of Facts
The plaintiffs are the owners of property located at 159-161 Quaker Lane, Scituate, Rhode Island, described as Assessors Plat #21, Lot #44. Pursuant to the Zoning Code of Ordinances of the Town of Scituate, plaintiffs' property is located in a district zoned RR-120. According to Article III, Section 1 Residential Districts of the Zoning code, single family dwelling units are permitted in an RR-120 zone where the lot size is a minimum of 120,000 square feet and the lot width/frontage is a minimum 300 feet. Plaintiffs' lot meets these dimensional requirements.
Presently, two structures are located on plaintiffs' property. The largest is an A-frame single family dwelling which was built approximately twenty years ago. The smaller structure was originally built as a garage and was later converted to have an in-law apartment above the garage. Plaintiffs describe this structure as a ranch style house which was built approximately fourteen years ago. (See Plaintiffs' application to the Zoning Board of Review). This smaller structure was built by plaintiffs' predecessors without building permits and without the approval of the Zoning Board.
Plaintiffs purchased the property in February 1992 and on December 16, 1992, applied to the Zoning Board of Review for a Special Exception or Variance to subdivide the lot. The proposed division of land would result in each dwelling being situated on a separate lot. However, once split, the lots would not meet the frontage requirements. The lot upon which the smaller dwelling would be situated would have only 179.44 feet of frontage, the other would not have only 159.32 feet. See Record of the Scituate Zoning Board of Review (hereinafter "Record") at p. 22.
A public hearing regarding plaintiffs' application was held January 26, 1993. Plaintiffs testified that they did not address the issue of two homes being on the property in violation of the zoning ordinance because they bought the property "as is," at a foreclosure sale. Record at p. 26. Mr. Davis testified that he now lives on the property in the larger of the two homes. Record at p. 25. Mr. Fernandes is renting the smaller home to his son until he is able to retire. Record at p. 26. Mr. Davis represented to the Board that plaintiff does not seek the subdivision to sell either lot or make improvements. Record at p. 25. Plaintiffs would simply like separate titles, deeds, and mortgages. Record at p. 25.
The Board also heard testimony from five area residents who opposed the subdivision. Two neighbors suggested that the smaller house should be removed. Record at p. 26. See testimony of Mr. DesLauriers and Mr. Benison.
After considering the testimony and evidence before it, the Board denied plaintiff's request to subdivide their lot. In denying the application, the Board stated that the plaintiff's had failed to show hardship and were not deprived of all beneficial use of their property without the subdivision. Record p. 27.
 Standard of Review
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a Justice of the Superior Court "may not substitute [his] judgment for that of the zoning board if [he] conscientiously finds that the board's decision was supported by substantial evidence." Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 824-5 (1978). "Substantial evidence used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, (R.I. 1981) citingApostolou, 120 R.I. 501, 507, 388 A.2d 821.
Forms of Zoning Relief
Generally, when a landowner seeks to relax the application of a zoning ordinance, he does so by applying for a variance. Courts have recognized two types of variances, the "use" variance or "true" variance and the "dimensional" variance. Felicio v.Fleury, 557 A.2d 480 (R.I. 1989); citing Gara Realty, Inc. v.Zoning Board of Review of South Kingston, 523 A.2d 855, 858 (R.I. 1987). A use variance is sought when the applicant proposes a "use of the property which varies from any of the uses permitted under the ordinance." Rozes v. Smith, 120 R.I. 515, 519, 318 A.2d 816 (1978). In order to obtain a use variance, the applicant must show "unnecessary hardship amounting to a showing of deprivation of all beneficial use of the property." Id. The second type of variance, the "dimensional variance" is requested where the landowner seeks relief "from regulations that govern the enjoyment of a permitted use such as restrictions relating to side and near yard lines, height limitations, or lot size . . ."Id. This type of variance is often referred to as a Viti
variance. Id. citing H.J. Bernard Realty Co. v. Zoning Boardof Review, 96 R.I. 390, 394, 192 A. 201, 8, 11 (1963); Viti v.Zoning Board of Review, 92 R.I. 59, 64-5, 166 A.2d 211, 213 (1960). To obtain a Viti type variance, the landowner must demonstrate that "[t]he effect of such enforcement [of the applicable zoning provision] will amount to something more than a mere inconvenience." Id.
The Zoning Enabling Act empowers the cities and towns to enact zoning ordinances, but these powers are limited to those contained in the Act. Mesolella v. City of Providence,439 A.2d 1370 (R.I. 1982), R.I.G.L. 1956 (1991 Reenactment) §45-24-25 et. seq. The Enabling Act empowers the zoning board to grant variances only upon finding that the following are met, and these findings are entered into the record:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and onto the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary.
Also the court must state which hardship standard was applied and enter into the record its finding that the plaintiff met its burden. § 45-24-61(b).
Another available way to obtain relief from zoning restrictions is by application for a special exception. The Zoning Enabling Act requires cities and towns to provide standards to grant "Special Use Permits" (formerly known as special exceptions). See 1956 (1991 Reenactment) R.I.G.L.45-24-33(A), § 45-24-31(57). The burden on the applicant is to show by "adequate competent evidence" that he meets the criteria to be considered for the special exception. (Chase, Rhode IslandZoning Handbook (1993); citing Toohey v. Kilday, 415 A.2d 732
(E.I. 1990); Dean v. Zoning Board of Review of Warwick,120 R.I. 825, 390 A.2d 382 (1978). The Scituate Zoning Ordinances set forth the standards for granting variances, as prescribed by the Enabling Act, and also a standard for granting a special exception.
The Plaintiff's Application
Plaintiffs' application to the Board is entitled "Application For Modification, Exception or Variation Under the Zoning Ordinance." Plaintiffs argue that the Board treated this request as one for a variance but should have treated it as a request for a special exception. In Vican v. Zoning Board of Review of theCity of Providence, plaintiffs who had failed to specify whether their request for zoning relief was a request for a special exception or variance appealed from a decision of the zoning board which treated it as a request for a variance only.103 R.I. 429, 238 A.2d 365 (1968); citing Caldarone v. Zoning Board ofReview, 74 R.I. 196, 199, 60 A.2d 158, 159. On a petition for writ of certiorari to review the Boards' decision to treat the request as that for a variance, the Rhode Island Supreme Court wrote:
 * * * This court has never departed from the rule * * * that an application for an exception or a variance is to be treated as one for a variance only, when the application fails to specify the provision of the ordinance, if any, under which the exception sought is to be granted and there is no evidence elsewhere in the record to show that a claim for a specific exception is being made.
Vican, 103 R.I. at 432, 238 A.2d at 368, quoting Varilan v.Zoning Board of Review, 98 R.I. 450 at 452, 204 A.2d 428, 430 (1964). The Court held that the application "must in these circumstances, be treated as one for a variance." Vican,238 A.2d 365, citing Varitan, 98 R.I. 450, 204 A.2d 428.
Based on the absence of any evidence that plaintiff specifically requested a special exception or referred to that section of the zoning ordinance, this court finds that the Zoning Board was not erroneous for its failure to apply the special exception analysis to plaintiffs' request for relief.
The Requested Relief from the Zoning Ordinance
Article IV Section 1(H) of the Town of Scituate, Rhode Island Zoning Ordinance. Section 1(H) provides:
 Two houses, on one lot. Where two or more dwelling houses, which were in existence at the time of enactment of this ordinance, are located on one lot, the zoning board of review may, by special exception, permit the division of the lot into separate lots for each house even though the separate lots do not conform in size and/or dimensions to the minimum sizes and/or dimensions for residential use.
Plaintiffs contend that their lot meets the criteria. In support of this argument, plaintiffs state that the two structures on their property existed prior to the 1979 Zoning Code and thus may be divided regardless of insufficient frontage.
The Scituate Zoning Ordinance was passed on December 30, 1965. Town of Scituate v. O'Rourke, 103 R.I. 499, 501 (1968). It was at that time that plaintiffs' property was zoned RR-120, not in 1979. Plaintiffs have stated in their application for relief dated December 16, 1992, that the approximate age of the smaller house is 14 years. Furthermore, testimony elicited by neighbors indicate that in 1971, only the larger structure existed on plaintiffs' property. See Record p. 24 Testimony of Mr. Marsocci. Thus, it is clear that in 1965, when the zoning ordinance was enacted, only the larger structure existed on plaintiffs' property. Therefore, it is clear from the record that plaintiff has not met the criteria established in Art. IV Sect. 1H required for special exception relief.
In the alternative, plaintiff argues that the Board applied the wrong hardship standard to grant a variance when it required plaintiff to demonstrate that the denial of its request would amount to deprivation of all beneficial use. Plaintiffs contended that they need only demonstrate hardship amounting to more than a mere inconvenience.
Plaintiff's here maintain that they are seeking a dimensional variance and cite Felicio v. Fleury, 557 A.2d 480, (R.I. 1989), in support thereof. In Felicio, our Supreme Court held that where a landowner seeks to build on an already existing undersized lot, a request for relief from minimum lot size requirements is characterized as a request for a dimensional variance and the landowner need only demonstrate an adverse impact amounting to more than a mere inconvenience. Id. at 482. Plaintiff's request for relief is distinguishable from the relief sought in Felicio; plaintiffs are not seeking relief from area requirements for an existing undersized lot. Plaintiffs seek to subdivide property upon which they maintain a use which is not permitted under the zoning ordinances. See R.I.G.L. §45-24-31(61)(a). In this case, plaintiffs are asking the court to sanction an illegal use created by their predecessors by subdividing the lot into the two undersized lots.
Where a request to subdivide and create undersized lots has been characterized as a request for a dimensional variance, our Supreme Court has held that Viti type variances are unavailable to applicants. The Court in Rozes v. Smith wrote:
 a variance may not be granted to the owner of a substandard lot where such lot was created by the deliberate conduct of the applicant. * * * An area variance may not be granted to solve the problem of an applicant who subdivided his land and sold portions of it, retaining a substandard lot, who wishes to subdivide a lot to create both a standard and a substandard lot, or who proposed to divide his property into two substandard parcels." (Emphasis added.) Rozes, 120 R.I. at 521, 388 A.2d 816, quoting 3 Anderson, American Law of Zoning, § 18.57 at 299-300 (2d ed. 1977).
(See also Sawyer v. Cozzolino, 595 A.2d 242 (R.I. 1991)). In this case the plaintiff sought to subdivide their property which would result in one lot meeting the minimum frontage requirements. The court wrote that "In Rozes . . . this Court declared that zoning area relief cannot be used to subdivide land." Id. citing Rozes, 120 R.I. 545, 388 A.2d 816. Accordingly, the Board's decision not to treat plaintiffs' request for relief as a request for a dimensional variance was not clearly erroneous.
The Zoning Board treated plaintiff's application for relief as an application for a use variance. In Rozes the reviewing court applied such a use variance standard to a request for a subdivision to create two substandard lots. In that case, the court declared that "the award of a variance was never intended to afford relief for a mere personal inconvenience experienced or as a guise to guarantee an individual a more profitable use of his property." Id. citing Gartsu v. Zoning Board ofWoonsocket, 104 R.I. 720-721, 248 A.2d 597 (1968). As the record in this case is devoid of any evidence which would amount to deprivation of all beneficial use, the plaintiffs have failed to meet their hardship burden. The only evidence of hardship plaintiffs introduced was their testimony before the Board that their request to subdivide is governed by the fact that they "would like to have separate titles, deeds, and separate mortgages." Furthermore, the Court never intended to grant variances . . . as a method of sanctioning conditions which were brought about by a landowner subsequent to the adoption of the zoning regulations," which was in fact the case here. Rozes,
120 R.I. at 522, citing Slawson v. Zoning Board of Review,102 R.I. 552, 232 A.2d 326 (1967).
Although the Zoning Board heard plaintiffs' request for relief as a use variance, the Rhode Island Supreme Court has held that where there is a request in the form of a variance to subdivide and create two undersized lots the application is not properly before the Zoning Board without plaintiff first having sought relief by the "planning commission." Sawyer v.Cozzolino, 595 A.2d at 242, 247. 1956 Rhode Island General Laws (1991 Reenactment) § 45-23-2 empowers the city or town council to adopt, modify and amend rules governing subdivision of land.
On January 16, 1958, the Town Council of Scituate adopted an ordinance concerning the subdivision of land. At that time, the Council chose to adopt the definitions, purposes of rules and regulations as set forth in 1631 of the Public Laws of 1945, as amended by chapter 3321. This ordinance empowers the town "planning commission," appointed by the town council, to approve, modify or disapprove a subdivision. See an Ordinance Concerning the Subdivision of Land; see also, R.I.G.L. 1956 (1991 Reenactment) § 45-23-9. In Sawyer where the applicant specifically requested "subdivision relief" brought his action to the Zoning Board without first seeking relief from the planning board. 595 A.2d 242, 243. The Supreme Court found that Superior Court improperly treated plaintiff's request for relief as a request for a variance. Id. The Court ordered the Superior Court to remand the case to the Board "with direction to dismiss the petition for variance without prejudice in order that plaintiffs may apply to the planning board for permission to subdivide the subject lot." Id. at 247.
After a review of the record, this Court finds that the decision of the Zoning Board of Review to deny the request for relief from the ordinance was not clearly erroneous in light of the reliable, probative and substantial evidence in the whole record. Accordingly, this Court affirms the January 29, 1993 decision of the Zoning Board of Review of the Town of Scituate.
Counsel shall submit the appropriate judgment for entry.