[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a June 13, 1991 decision of the Zoning Board of Review of the City of Cranston ("Board"). The plaintiffs seek a reversal of the Board's decision to deny their application for relief. Jurisdiction in this Court is pursuant to G.L. 1956 (1991 Reenactment), § 45-24-20.
FACTS/TRAVEL
Plaintiffs, Paul and Norma DiFanti ("plaintiffs"), are owners of property located at 283 Park Avenue in the City of Cranston. The defendants are members of the Zoning Board of Review of the City of Cranston. The subject property is designated as lots 1538, 1539, 1551 and portions of 1552 and 1550 on Plat 311 and is zoned C-2 Neighborhood Business. A Dunkin Donuts is presently located on the property. The subject property also contains a parking area used by Dunkin Donuts' patrons pursuant to a license agreement with an abutting landowner, Virginia Parente.
On April 23, 1991, the plaintiffs filed an application with the Board seeking relief from zoning regulations relating to the use of a drive-in window. Specifically, plaintiffs seek a variance from the terms of § 30-15 of the Cranston ZoningOrdinance which prohibits a drive-in window in a C-2 zone and § 30-18 which requires a drive-in window be located no closer than sixty feet from an intersecting street. A duly publicized hearing was held on June 12, 1991. At the hearing, plaintiffs were represented by counsel and presented expert testimony concerning the safety and necessity of a drive-in window. The Board then heard testimony from neighbors who objected to the use of a drive-in window.
On June 13, 1991, the Board rendered a written decision denying plaintiffs' application for relief. The Board found that the drive-in window would substantially injure the appropriate use of the property, would not be in harmony with the surrounding neighborhood, and that plaintiffs had failed to establish that denial of the variance would cause them hardship. The plaintiffs filed a complaint on July 1, 1991 appealing the Board's decision to this Court.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20 (d) which provides:
 "The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence in view of the whole record; or (6) characterized by an abuse of discretion or clearly unwarranted exercise of discretion."
It is well-settled that on review the Superior Court may not substitute its judgment for that of the zoning board if it can conscientiously find that the Board's decision was supported by substantial evidence in the whole record. Apostolou v.Genovesi, 120 R.I. 501, 506, 388 A.2d 821, 824 (1978). Substantial evidence is that which is more than a scintilla but less than a preponderance. Id. at 508, 388 A.2d at 825. It is such relevant evidence as a reasonable person would recognize as adequate to support a conclusion. Id.
On appeal, the plaintiffs argue that the decision of the Board was arbitrary and capricious since no expert no expert testimony was presented to rebut plaintiffs' expert testimony. Further, plaintiffs argue that the Board's decision ignores the approval submitted by the City Traffic Engineer and adopts the decision of the City Planning Board which is unsupported by evidence. The Board argues that expert testimony was not required to rebut plaintiffs' expert witnesses and that it had sufficient evidence upon which to base its decision.
Drive-in Use
The Cranston Zoning Ordinance § 30-15 provides for drive-in uses in C-4 and C-5 zones subject to the requirements of § 30-18. Section 30-18 provides that "driveway openings for businesses shall be located no closer than sixty feet to an intersecting street." Since plaintiffs plan to utilize a drive-in facility in a C-2 zone, in which a drive-in use is not a permitted use, plaintiffs seek a variance from the terms of § 30-15. Additionally, plaintiffs applied for a dimensional variance or deviation from the sixty (60) foot setback requirement of § 30-18.
To obtain a variance, plaintiffs must satisfy the requirements of § 30-49(p) of the Cranston Zoning Ordinance.
Section 30-49(p) empowers the Board to grant a variance when such variance is not contrary to the public interest and when a literal enforcement of the ordinance will result in unnecessary hardship. Unnecessary hardship is generally defined as "deprivation of all beneficial use of one's land." Rhode IslandHospital Trust National Bank v. East Providence Zoning Board ofReview, 444 A.2d 862, 864 (R.I. 1986).
An examination of the entire record reveals that plaintiff has not demonstrated a deprivation of all beneficial use of the property. The property is presently being used for the Dunkin Donuts bakery. Case law clearly distinguishes unnecessary hardship from personal inconvenience or even serious financial hardship. Vican v. Zoning Bd. of Review of Providence,103 R.I. 429, 433, 238 A.2d 365, 368 (1968). An applicant's attempt to show that some other use of the property might be more profitable is not sufficient to demonstrate unnecessary hardship. Goodmanv. Zoning Board of Review of Cranston, 105 R.I. 680, 684,254 A.2d 743, 746 (1969).
There is sufficient evidence in the record to support the Board's finding that the plaintiff failed to demonstrate hardship. It is clear from the record that plaintiffs merely seek a more profitable use of the property. Consequently, this Court need not address plaintiffs' arguments concerning the Board's remaining findings. Absent a finding of unnecessary hardship, the Board is without authority to grant a variance on the facts of this case.
For the foregoing reasons, this Court finds, after a review of the whole record, that the decision of the Board was based on the substantial evidence before it. The Court further finds that the Board's decision is not clearly erroneous in view of the reliable, probative, substantial evidence contained in the record; it is not arbitrary or capricious, and it is not characterized by any abuse of the Board's discretion. Accordingly, the decision of the Board is affirmed.
Counsel shall prepare and submit an appropriate judgment for entry.