DECISION
Before this court is the appeal from a March 8, 1995 decision of the Zoning Board of Review of the City of Cranston (the "Board"). Domenic and Rita Carnevale (the "Plaintiffs") seek a reversal of the Board's denial of their application for a variance. Jurisdiction is pursuant to R.I.G.L. 1956 (1993 Reenactment) § 45-24-20.
The Plaintiffs own the property located at 40-42 C Street, Cranston, also known as assessor's plat 11/3, lot 787. Said property is zoned B-1 which allows single and two-family dwellings. The property consists of 8,000 square feet and presently contains a three-unit dwelling.
On January 25, 1995, the Plaintiffs filed an application with the Board requesting a variance to construct a fourth unit within the existing structure. Specifically, the Plaintiffs seek a variance form section 30-8, 30-7, 30-14 (a) and 30-28 of the Cranston Zoning Ordinance.[1]
At a duly publicized hearing on March 8, 1995, the Plaintiffs presented testimony concerning their hardship, method of construction and nature of the neighborhood and subject property. A petition of support signed by fifty-three abutting property owners, photographs, and a radius map were introduced. No one opposed the application.
The Board voted 3-2 to deny the application. The Board found that a fourth unit would be an over extensive use of the property, would be out of character with the neighborhood, and is well beneath the required 18,000 square feet necessary to have a four-unit dwelling. The remonstrants found there would be no change to the exterior of the building, there is ample parking, and there were no objectors, and were in favor of the application.
On appeal the Plaintiffs argue that if they are not permitted to construct a fourth unit in their building, they will lose all beneficial use of their property. Further, the Plaintiffs argue that the decision of the Board is erroneous, unreliable, and cannot be properly seen as the basis for rendering a decision adverse to the Plaintiffs.
Superior Court review of a zoning board decision is controlled by G.L 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been, prejudiced because of findings, inferences, conclusions of decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, this court may not substitute its judgment for that of the zoning board if it finds that the board's decision was supported by substantial evidence. Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. GeorgeSherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981).
Under R.I.G.L. 45-24-41 (1)(1), the Board in granting a use variance shall base its decision on a showing that the land cannot yield any beneficial use if it is required to conform to the provisions of the zoning ordinance. Section 30-49 (p) of theCranston Zoning Ordinance provides that the Board may grant a variance when such a variance is not contrary to the public interest and when a literal enforcement of the ordinance will result in unnecessary hardship. Unnecessary hardship is generally defined as "deprivation of all beneficial use of one's land."Rhode Island Hospital Trust Bank v. East Providence Zoning Boardof Review, 444 A.2d 862, 864 (R.I. 1986).
The subject property is presently being used as a three-unit residential dwelling. Domenic Carnevale testified that he applied for the variance so that this daughter could have an apartment in the neighborhood where her family lives (Tr. at 15). The record indicates that the Plaintiffs have already been granted a variance to add a third unit to the subject property which was originally a two-unit dwelling. Thus, the record evidences that the Plaintiffs presently have the full use and enjoyment of a three-unit apartment building. The Plaintiffs are seeking a variance so their daughter can live across the hall from her sister who presently lives in the subject buildings.
With respect to use variances, case law clearly distinguishes unnecessary hardship from personal inconvenience or even serious financial hardship. Vican v. Zoning Board of Providence,103 R.I. 429, 433, 365 A.2d 368 (1968). In a case where a handicapped woman sought a variance allowing her to build an apartment in her house for her brother to live in while he assisted her, our Supreme Court previously found that sharing living space did not constitute sufficient proof of loss of all beneficial use of property. Almeida v. Zoning Board of Review of the Town ofTiverton, 606 A.2d 1318 at 1321. In the case at bar, the Board's finding that the Plaintiffs are utilizing the subject building is not clearly erroneous in view of the reliable, probative and substantial evidence in view of the whole record.
Additionally, the Plaintiff's argue that there was no substantial evidence in the record on which the Board could have based its decision to deny the variance. Plaintiffs contend that there were no objectors and that only the Plaintiffs offered expert testimony.
The Board made findings as to the purpose of requesting the variance and the variance granted in 1987; the size of the lot; nature and character of the neighborhood. A zoning board of review is presumed to possess special knowledge with respect to matters particularly related to the administration of the zoning ordinance. Pettine v. Zoning Board of Providence, 96 R.I. 404,192 A.2d 433 (1963). Unopposed expert testimony can be outweighed by evidence within the Board's own knowledge. Smith v. ZoningBoard of Review of Warwick, 103 R.I. 328, 237 A.2d 551 (1968). Even when there are no objectors, the Board's decision may be upheld because the testimony of neighbors not shown to be experts is without probative force. Piccirelli v. Zoning Board of Reviewof Barrington, 107 221, 266 A.2d 249 (1970).
After a review of the entire record, this court finds that the decision of the Board was based on the substantial evidence before it. The court further finds that the Board's decision is not clearly erroneous in view of reliable, probative, substantial evidence contained in the record; it is not arbitrary or capricious, and it is not characterized by an abuse of the Board's discretion. Furthermore, substantial rights of the Plaintiff have not been prejudiced. Accordingly, the March 8, 1995 decision of the Cranston Zoning Board of Review is hereby affirmed.
Counsel shall submit the appropriate judgement for entry.
[1] Cranston zoning ordinance requires 6000 sq. ft. for the first unit and 4000 sq. ft. for each additional unit. The Plaintiff's property presently contains three units, which is in derogation of the ordinance and requires a variance pursuant to the Cranston Zoning Ordinance.