Fiol Matta, Jueza Ponente
*1078 TEXTO COMPLETO DE LA SENTENCIA
Comparece la Sra. Ileana Fontánez Fuentes solicitándonos que revoquemos una determinación emitida por el Departamento de Hacienda (en adelante el Departamento) debido a que la agencia alegadamente incumplió con el procedimiento requerido por ley para emitir una orden administrativa. Examinado el recurso, el derecho aplicable y habiéndose expresado las partes, revocamos la determinación del Departamento.
I
El 18 de agosto de 1998, la recurrente presentó su renuncia a la plaza que ocupaba como Directora de la Oficina de Investigaciones Administrativas del Departamento de Hacienda; renuncia que sería efectiva el 31 del mismo mes. La Secretaria de Hacienda no respondió a la carta de renuncia de la recurrente. Sin embargo, posteriormente se negó a aceptarla tomando como base la Orden Administrativa 98-10. Dicha orden estableció, como norma del Departamento, que en ausencia de aceptación por escrito, se consideraría rechazada toda renuncia sometida a la agencia en un plazo menor de 15 días antes de su fecha de efectividad. La referida orden se emitió con carácter de efectividad inmediata en la misma fecha que la renuncia de la señora Fontánez.
En octubre de 1998 y previo al presente recurso, la recurrente compareció ante este Tribunal solicitando que revisáramos la determinación del Departamento. En dicha ocasión, su solicitud de revisión fue denegada por no haber recurrido primero ante la agencia; esto es, por no haber agotado los remedios administrativos. Estando pendiente su petición de Certiorari ante el Tribunal Supremo de Puerto Rico, la Secretaria de Hacienda formuló cargos a la señora Fontánez y posteriormente le aplicó medidas disciplinarias. Posteriormente, el Tribunal Supremo denegó su petición de certiorari y declaró sin lugar las mociones en auxilio de jurisdicción solicitando la desestimación de los cargos en su contra.
En diciembre de 1998, la recurrente presentó una Solicitud de Impugnación ante la Oficina de Apelaciones Administrativas de Hacienda. En ésta alegó que para la fecha en que presentó su renuncia, la autoridad nominadora del Departamento estaba obligada a informar a la recurrente de la aceptación o rechazo de la misma en un período no mayor de quince días y que, al no hacerlo, la recurrente entendió que la Secretaria había aceptado su renuncia. Sostuvo que la citada Orden Administrativa 98-10 no sólo enmendó el Reglamento de Personal, Areas Esenciales al Principio de Mérito, sección 9.4, de manera contraria a lo requerido por ley, sino que la enmienda fue informada y distribuida a los empleados de Hacienda cuando ya la recurrente no laboraba en dicha agencia, por lo que no era aplicable a su renuncia.
El 22 de junio de 1999, la Secretaria de Procedimiento Adjudicativo del Departamento de Hacienda (en adelante Secretaría) notificó a la recurrente que carecía de jurisdicción para atender sus planteamientos. Es de esa determinación que la señora Fontánez ha recurrido ante nosotros.
*1079 En esencia, la señora Fontánez sostiene que el Departamento incumplió con el procedimiento para enmendar una regla o reglamento que dispone la Sección 2.1 de la Ley de Procedimiento Administrativo Uniforme, Ley 170 del 12 de agosto de 1988, según enmendada (en adelante LPAU), 3 L.P.R.A. 2121. Por esa razón, arguye que la referida orden era nula conforme a derecho y que el Departamento violó su derecho al debido proceso de ley amparándose en dicha orden para rechazar su renuncia sin notificarle adecuadamente y sin ofrecerle oportunidad de ser oída.
El 17 de septiembre de 1999, ordenamos a la agencia recurrida mostrar causa por la cual no debamos revocar la resolución impugnada y le requerimos que al cumplir con nuestra orden hiciera referencia a la sección 3.14 de la LPAU (3 L.P.R.A. 2164) que exige se incluyan determinaciones de hechos y conclusiones de derecho en las resoluciones administrativas.
En su comparecencia, el Departamento de Hacienda sostiene que el presente recurso debe desestimarse porque no se incluyeron en el apéndice ciertos documentos que debieron formar parte del mismo. Arguye, además, que al emitirse la Orden 98-10 no se enmendó el Reglamento de Personal, sino que se aprobaron unas directrices para uniformar sus procedimientos internos, acción que está exenta del proceso de reglamentación formal establecido en la LPAU. El Departamento sostiene, además, que la señora Fontánez debió presentar los reclamos sobre su renuncia ante la Junta de Apelaciones del Sistema de Personal (JASAP) y no ante la Oficina de Apelaciones Administrativas de Hacienda, ya que el Reglamento Adjudicativo del Departamento no es aplicable a los asuntos del personal de dicha agencia. En cuanto a la sección 3.14 de la LPAU, el Departamento entiende que no venía obligado a emitir determinaciones de hechos, ni conclusiones de derecho, en tanto y en cuanto determinó, como cuestión de derecho, que no tenía jurisdicción para atender el reclamo de la señora Fontánez.
II
Consideremos, pues, el derecho aplicable al caso de autos, no sin antes advertir que la Ley de Procedimiento Administrativo Uniforme, supra, y su jurisprudencia interpretativa nos obligan a examinar toda decisión administrativa con un prisma de gran consideración y respeto conscientes de la presunción de legalidad y corrección de la determinación administrativa, que debe respetarse mientras no se pruebe convincentemente lo contrario. Véase Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975), y casos subsiguientes. La jurisprudencia, respecto a las diferentes modalidades de deferencia debida a las determinaciones de hechos, conclusiones de derecho y las interpretaciones de ley de la agencia administrativa, es extensa y no es necesario reiterarla. Su propósito es “evitar la sustitución del criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor”. Reyes Salcedo v. Policía de Puerto Rico, 91 J.T.S. 58, a la pág. 958. En resumen, debemos sostener la interpretación administrativa, siempre que ésta encuentre apoyo en una base racional, aun cuando esa interpretación no sea la única razonable. El criterio rector de nuestra función revisora es, pues, el de la razonabilidad, por lo que estamos obligados a confirmar las interpretaciones administrativas siempre que la agencia no haya actuado ilegal o arbitrariamente, o en abuso de su discreción. Es desde esa perspectiva que examinamos la postura del Departamento ante los reclamos de la señora Fontánez.
Primeramente, en cuanto a la alegación de la recurrente de que la referida orden 98-10 constituyó una enmienda al reglamento, cabe recordar que la definición de “regla o reglamento” contenida en la LPAU excluye “las reglas relacionadas con la administración interna de la agencia que no afectan directa y sustancialmente los derechos o los procedimientos o prácticas disponibles para el público en general”, sección 1.3(1)(1). Tratándose la Orden Administrativa 98-10 de una disposición o regla interna sobre las renuncias de empleados del Departamento de Hacienda que no afecta al público en general, el procedimiento formal establecido por la LPAU no es aplicable al caso de autos. En última instancia, con la orden impugnada, *1080 el Departamento estableció una norma interna para pautar la discreción que le confiere la sección 9.4 del Reglamento de Personal al Departamento en cuanto a las renuncias de sus empleados, presentadas en un plazo menor de 15 días de la fecha de efectividad, acción que también está exenta de cumplir con el proceso de reglamentación formal de la LPAU. Agosto Serrano v. Fondo del Seguro del Estado, 93 J.T.S. 37.
Ahora bien, lo cierto es que, cumpliendo con una directriz de este Tribunal, la señora Fontánez acudió ante la Secretaría de Procedimiento Adjudicativo del Departamento para impugnar las acciones del Departamento y la imposición de medidas disciplinarias en su contra. Intentó, de esta manera, agotar los procedimientos administrativos, lo cual nos requiere examinar primero el procedimiento establecido para el manejo de los asuntos presentados ante dicho organismo del Departamento.
El Artículo 13 del Reglamento para Establecer un Procedimiento Uniforme de Adjudicación Para los Asuntos Bajo la Jurisdicción del Departamento de Hacienda que Deban ser Objeto de Adjudicación Formal, Reglamento 3991 del 15 de agosto de 1989, requiere que una vez presentada una querella, la mencionada Secretaría constate que ésta cumple con los requisitos de contenido expresados en el Reglamento. El mismo artículo añade que cuando “la querella no cumpliere con los requisitos establecidos en el Artículo 12 de este Reglamento, la misma no será aceptada y se devolverá al promovente en la misma fecha de su recibo indicándosele por escrito los requisitos que faltaren”.
Por otra parte, el Artículo 14 provee para que se pueda disponer de las querellas mediante un procedimiento informal. Para ello, es necesario que la alternativa de dicho procedimiento surja de la faz de la querella y que el promovido solicite al foro administrativo que se desvíe el trámite de la querella al procedimiento informal. Sin embargo, para poder encauzar la querella de esta forma, “el foro administrativo deberá entrevistarse con las partes” y obtener su “consentimiento” y “anuencia”, en cuyo caso “ordenará que se lleven a cabo los procedimientos informales y se resuelva la controversia en un término no mayor de treinta (30) días”.
Aparte de estas alternativas, es decir, la devolución inmediata de la querella al promovente cuando no cumple con los requisitos de forma del Artículo 12 y el desvío al procedimiento informal del Artículo 14, la Secretaría tiene tan sólo el proceso de adjudicación formal para disponer de las querellas. Cuando una querella ha sido objeto de adjudicación mediante el proceso formal, el Reglamento provee para que la parte afectada por una determinación del Departamento pueda solicitar reconsideración ante la agencia y a partir de ahí pueda acudir a los tribunales en revisión judicial, de entenderlo necesario. Cabe señalar que la Secretaría está autorizada por el reglamento para disponer de la querella por la vía de la desestimación, a solicitud de parte (Artículo 25) y para emitir las resoluciones interlocutorias que fueran necesarias (Artículo 17). De estas determinaciones podrá solicitarse reconsideración y revisión judicial, de conformidad con la LPAU (Artículos 17, 25 y 26).
En resumen, el Reglamento 3991 provee tres formas para que la Secretaría disponga de las querellas presentadas; primero, no aceptando las mismas y devolviéndolas en la fecha en que fueron presentadas por no cumplir con requisitos de contenido; segundo, refiriéndolas para adjudicación informal; o, tercero, adjudicando las mismas mediante el procedimiento formal.
III
Según surge de los autos del presente caso, el 24 de diciembre de 1998, la señora Fontánez acudió ante la Secretaría de Procedimiento Adjudicativo del Departamento impugnando la Orden Administrativa 98-10. Seis meses después, el 22 de junio de 1999, dicho organismo notificó a la querellante que su querella no cumplía con los requisitos de ley y reglamentarios, por la siguiente razón:
*1081 “(x) Oíros: La Secretaría de Procedimiento Adjudicativo carece de jurisdicción sobre sus planteamientos.”
Sabido es que cuando una agencia promulga un reglamento, en este caso la reglamentación para el curso procesal de las querellas, viene obligada a cumplir con sus disposiciones y no queda a su arbitrio reconocer o no los derechos contenidos en dicho reglamento. Comité de Vecinos Pro-Mejoramiento, Inc. v. Junta de Planificación de Puerto Rico, 99 J.T.S. 32; García Cabán v. U.P.R., 120 D.P.R. 167 (1987). Por tanto, debemos determinar si con la notificación indicada, la Secretaría cumplió con el procedimiento establecido en su propio reglamento para el manejo de querellas. En su comparecencia, el Departamento de Hacienda señaló que el “Reglamento para Establecer un Procedimiento Uniforme de Adjudicación para los Asuntos bajo la Jurisdicción del Departamento de Hacienda que deban ser Objeto de Adjudicación Formal”, Reglamento 3991, supra, no es aplicable a asuntos del personal de dicho Departamento, por lo que sus empleados no pueden presenter querellas ante la Secretaría de Procedimiento Adjudicativo. Sostiene que es por esa razón que la Secretaría notificó a la señora Fontánez que carecía de jurisdicción para atender su reclamo.
Como vimos, la notificación enviada a la señora Fontánez se limita a exponer, sin mayor explicación, que la querella no cumple con los requisitos exigidos por ley. Aparentemente, se encontró deficiente en algunos de los requisitos del Artículo 12, puesto que se utilizó el mecanismo de notificación por la Secretaría que dispone el Artículo 13. Sin embargo, según explicamos anteriormente, dicho Artículo 13 exige que la Secretaría no acepte y devuelva la querella, en la misma fecha en que se presenta. La señora Fontánez presentó su querella el 24 de diciembre de 1998 y ésta le fue devuelta por la Secretaría seis meses después, el 22 de junio de 1999. Concluimos, pues, que el Departamento no cumplió con lo establecido en su reglamento. Este incumplimiento privó a la señora Fontánez de la oportunidad de presentar su reclamo ante el foro adecuado. Por otra parte, la Secretaría tampoco utilizó ninguno de los otros dos procedimientos dispuestos en su reglamento para disponer de una querella. No refirió la querella de la señora Fontánez para adjudicación informal, ni la encauzó para adjudicación formal. La forma en que dispuso de la querella tampoco cumple con los requisitos para constituir una disposición de la querella de forma sumaria, o por la vía de la desestimación, pues no hubo solicitud de parte, ni la audiencia previa que requiere el Artículo 25. Por último, la notificación enviada no cumple con los requisitos mínimos exigidos en la LPAU, supra, sección 3.4, de advertir sobre el derecho a solicitar reconsideración y revisión judicial.
Nos sorprende la alegación del Departamento, en cuanto a que la Secretaría no estaba obligada a emitir determinaciones de hecho y conclusiones de derecho al adjudicar la querella por falta de jurisdicción. Si bien es cierto que al tomar su determinación, la Secretaría no consideró los méritos del reclamo de la recurrente, no es menos cierto que dicha determinación tenía que estar apoyada en fundamentos que debieron ser parte de la notificación, de manera que la parte adversamente afectada pudiera evaluar si procedía entablar su reclamo ante otro foro. El derecho a presentar revisión judicial de las decisiones administrativas es provisto mediante estatuto, por lo que forma parte del debido proceso de ley. Para que la parte pueda cuestionar la decisión ante el foro judicial, es necesario que entienda porqué el organismo administrativo decidió como lo hizo. La expresión de razones es la que permite que la parte afectada acate la determinación o acuda al foro judicial a cuestionar lo que entiende fue una actuación administrativa arbitraria, caprichosa, discriminatoria, irracional o sin jurisdicción.
La ausencia de fundamentación en la resolución final de la agencia afecta el derecho de una parte a cuestionar la determinación decretada por el organismo administrativo, enervando así las garantías del debido proceso de ley. Colón Torres v. A.A.A., 97 J.T.S. 60; Asoc. Vecinos de Altamesa Este, Inc. v. Municipio de San Juan, 96 J.T.S. 15; Arame Falcón v. Maldonado Quirós, 95 J.T.S. 109; Arroyo Moret v. F.S.E., 113 D.P.R. 379 (1982); Berríos v. Comisión de Minería, 102 D.P.R. 228 (1974). Véase, además, Citizens to Preserve *1082 Overton Park, Inc. v. Volpe, 401 US 402. Por otra parte, al igual que le exigimos a los tribunales de primera instancia fundamentar sus sentencias y, a su vez, el Tribunal Supremo nos exige que fundamentemos las nuestras, Maldonado Bermúdez v. Maldonado González, 96 J.T.S. 86; Andino v. Topeka Inc., 97 J.T.S. 46, es necesario que las agencias administrativas nos pongan en condición de evaluar los fundamentos de sus decisiones. En su decisión, la Secretaría debió exponer las razones o fundamentos de derecho que sirvieron de base a su decisión. En ausencia de esos fundamentos “es obvio que toda revisión judicial sería imposible. ” López v. Junta, 80 D.P.R. 646 (1956), pág. 667. Desde López, supra, nuestro más alto foro, citando de Petrarca v. Zoning Board of Review, 80 A.2d 156, 157 (R. 1. 1951), señaló que:

“La queja del peticionario de que la Junta no dio razón alguna para su decisión está justificada. Aquí, como en otros casos que han llegado ante nos, la Junta no cumplió el deber que en repetidas ocasiones hemos apuntado de ... consignar, aunque sea en una forma breve, la razón o razones para su actuación. Las partes y este Tribunal tienen derecho a conocer las razones que sirven de base a la decisión de la Junta para evitar especulación, duda y dilación innecesaria. [Citas de casos.] A menos que ... cumpla con ese mandato, corre el riesgo de una revocación si este Tribunal no puede determinar a base del récord que existieron razones suficientes y adecuadas para la decisión en cuestión. ”

Un escueto “la Secretaría de Procedimiento Adjudicativo carece de jurisdicción” no nos permite revisar de manera adecuada la determinación de la agencia. Veáse Demetrio Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Ed. Forum, 1993, págs. 186-192.
Antes de concluir, es necesario señalar que a pesar de que en su comparecencia el Departamento sostiene que “la peticionaria debió recurrir a JASAP con cualquier reclamo sobre su renuncia”, no surge de los autos que el Departamento enviara carta o notificación alguna en la cual la señora Fontánez fuera informada de tal derecho. Tampoco obra en autos evidencia indicativa de que en efecto el Departamento le haya informado a la recurrente que su renuncia no fue aceptada o que la misma se daba por no aceptada a tenor con la orden administrativa impugnada. Siendo ello así, la señora Fontánez no tenía acción o decisión alguna de la cual pudiera recurrir ante JASAP conforme la sección 7.14 de la Ley de Personal del Servicio Público, Ley Núm. 5 del 14 de octubre de 1975, según enmendada. Así también, la sección 3.14 de la LPAU dispone que las agencias administrativas deben incluir en sus órdenes o resoluciones las advertencias necesarias en cuanto al derecho de reconsideración y revisión judicial que tienen las partes afectadas por las mismas. Más aún, dicha sección establece que la ausencia de tales advertencias impide que comiencen a transcurrir los términos correspondientes para que la parte afectada ejerza esos derechos. Según estableció nuestro Tribunal Supremo desde Rivera v. Depto. de Servicios Sociales, 132 D.P.R. 240 (1993), el término jurisdiccional de 30 días para recurrir a JASAP no comienza a correr cuando no se le ha notificado al empleado de su derecho a recurrir ante ese foro, por lo que, en el presente caso, el Departamento viene obligado a notificarle a la señora Fontánez de su decisión y de su derecho a acudir en revisión ante el foro correspondiente.
Lo anterior, junto al incumplimiento con los procedimientos reglamentarios para el manejo de querellas, nos llevan a expedir el auto, revocar la decisión impugnada y a devolver el caso al Departamento de Hacienda para que cumpla con los procedimientos aquí expresados.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General